556 A.2d 827

Douglas J. OKKERSE and Lynn F. Okkerse, his wife, an incompetent, and Lauren Okkerse, a minor by Douglas J. Okkerse, her guardian, Appellees,

v.

Edward J. HOWE, III, Ford Motor Company, George Monroe Pfaumer, Arthur Eugene Pfaumer and Elizabeth C. Pfaumer, h/w, Lower Merion Township, Pa. Department of Transportation, Michael P. Erdman and Barbara Dubarry Erdman, h/w Russell Bement and Viola Bement, h/w, Louis K. Soladay, Robert Tucker, Dorothy H. Hall, Thomas C. Joyce and Nancelyn F. Joyce, h/w, George B. Lemon, Robert B. Wagner and Jean H. Wagner, h/w, William C. Pickett and Margaret R. Pickett, Albury N. Fleitas and Priscilla M. Fleitas, h/w Daniel Brainard Slack, Willig Howard, John Aronian, Joel Wasley and Virginia Denison.

Appeal of George Monroe PFAUMER, Arthur Eugene Pfaumer and Elizabeth C. Pfaumer.

Appeal of TOWNSHIP OF LOWER MERION.

Supreme Court of Pennsylvania.

Argued Dec. 8, 1988.

Decided March 15, 1989.*

* This decision was considered and rendered prior to March 7, 1989.

510

Charles W. Craven, Margaret A. Wurzer, Philadelphia, and Victor Verbeke, West Conshohocken, for appellant.

Benjamin E. Zuckerman, Norristown, for Lower Merion Tp.

David R. Black, Media, for Doug, Lynn and Lauren Okkerse.

Larry E. Coben, and Joseph V. Pinto, Philadelphia, for Ford Motor Co.

Gordon W. Gerber and Edwin L. Scherlis, Philadelphia, for Michael and Barbara Erdman.

Louis K. Soladay, I.P.P.

James C. Stroud, Philadelphia, for Dorothy Hall and George Lemon.

William J. McKinley, Philadelphia, for William and Margaret Pickett.

Edward J. David, Philadelphia, for Daniel B. Slack.

Brian P. Sullivan, Plymouth Meeting, for John Aronian.

Donald J. Mathews, Jr. and Thomas P. Bracaglia, Philadelphia, for Virginia Denison.

Charles W. Craven and Margaret A. Wurzer, Philadelphia, for George, Arthur and Elizabeth Pfaumer.

John Salmon, Philadelphia, for Edward J. Howe.

Theodore J. Chylack, Norristown, for PennDOT.

Madeline M. Sherry, Philadelphia, for Russell and Viola Bement.

Robert Tucker, I.P.P., Pittsburgh.

Gerard J. St. John, Philadelphia, for Tom and Nancelyn Joyce.

James F. Zaccaria and Louis Pera, Philadelphia, for Albury and Priscilla Fleitas.

E. Paul Maschmeyer, Bryn Mawr, for Willig Howard.

Alan Jay Dion and Mary Carter Smith, Philadelphia, for Joel E. Wasley.

Robert H. Wagner, I.P.P.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

OPINION

McDERMOTT, Justice.

This appeal has evolved from a procedural morass and presents us with an opportunity to discuss the concept of *forum non conveniens.* The underlying facts of this case are as follows. On June 3, 1983, Lynn F. Okkerse was in a serious car accident which occurred at the intersection of New Gulph and Avon roads, located in Lower Merion Township, Montgomery County.

Suit was instituted on Mrs. Okkerse's behalf by her husband.[1] The Okkerse suit was filed in Philadelphia County against the following defendants: Edward J. Howe, III (the driver of the other car involved in the accident); the Ford Motor Company (the manufacturer of Mrs. Okkerse's car); George, Arthur, and Elizabeth Pfaumer (the owners of a property which was allegedly overgrown, thereby obscuring the entrance to the intersection); Lower Merion Township (the municipality which had the responsibility of exercising control over the intersection); the Pennsylvania Department of Transportation (the owner of the intersection where the accident occurred); Mr. and Mrs. Michael P. Erdman (social hosts who allegedly served alcoholic beverages to defendant Howe); and twenty-two individual property owners (who allegedly owned the road which led into the intersection). In the present appeal the significant parties are the plaintiffs and some of the property owners.

Although the situs of the accident was in Montgomery County the institution of suit in Philadelphia was permissible because two of the defendants, Ford Motor Company, and the Pennsylvania Department of Transportation, had business offices in Philadelphia.[2] Thus, there is no jurisdic-

---

1. As a result of Mrs. Okkerse's accident she became incompetent, and eventually died.

2. Rule 1006 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

   (a) ... an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of

tional venue issue in this case, and the issue is solely one of *forum non conveniens*. In resolving this issue the following procedural history is germane.

On June 28, 1985, owner-defendants William C. and Margaret R. Pickett, filed preliminary objections in the nature of a demurrer to the Okkerse complaint. These objections were assigned to the Honorable Alfred J. DiBona, Jr., for disposition. On July 16, 1985, owner-defendants George, Arthur, and Elizabeth Pfaumer filed preliminary objections on behalf of themselves and three other owner-defendants,

which the cause of action arose or in any other county authorized by law.

(b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

(c) An action to enforce a joint or joint and several liability against two or more defendants except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

(2) Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the country to which the case is to be transferred.

(3) It shall be the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred certified copies of the docket entries, filed in the action. The costs and fees of the petition for transfer and the removal of the record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff.

(f) If the plaintiff states more than one cause of action against the same defendant in the complaint pursuant to Rule 1020(a), the action may be brought in any county in which any one of the individual causes of action might have been brought.

raising, *inter alia,* issues of improper venue and the inconvenience of the Philadelphia forum. These objections were also assigned to Judge DiBona.

Thereafter, on August 5, 1985, another owner-defendant, Virginia Denison, filed preliminary objections in which she sought to include a "Petition to Transfer Venue." [3] However, for some unexplained reasons these filings were *not* assigned to Judge DiBona: rather, they were assigned to the Honorable Thomas White.

On August 27, 1985, Judge DiBona ruled on the filings which were before him: he denied the request for demurrer filed by the Picketts; and he denied the request for dismissal on improper venue grounds filed by the Pfaumers without prejudice to the Pfaumers' rights to file a separate petition for a change of venue.

On September 17, 1985, the Pfaumers did file a "Petition Raising a Lack of Venue and Forum Non Conveniens" which was joined by the Township. This petition was also assigned to Judge DiBona.

Then, on September 30, 1985, prior to Judge DiBona's ruling on the Pfaumers' petition, Judge White, without taking any evidence, granted the portion of Ms. Denison's filing which sought to transfer the case on *forum non conveniens* grounds.[4]

On October 7, 1985, 372 Pa.Super. 645, 534 A.2d 1123, Judge DiBona ruled on the Pfaumers' petition to transfer, and denied the request for a transfer. The Pfaumers requested reconsideration of this order, raising the fact of Judge White's order on the Denison "petition". This re-

---

**3.** Said "petition" was not filed under a separate cover, but was included in the filing labeled "preliminary objections". The Superior Court correctly held that this was an improper way in which to raise the *forum non conveniens* issue. See *Hosiery Corp. of America v. Rich,* 327 Pa.Super. 472, 476 A.2d 50 (1984). However, the Superior Court did not dispose of the matter on this procedural irregularity.

**4.** Judge White's order transferring the action from Philadelphia to Montgomery Court was docketed October 7, 1985, and on October 9, 1985, a praecipe to transfer the action to Montgomery County was filed. Okkerses then filed a timely appeal from this decision.

quest for reconsideration was denied on November 4, 1985, and the Pfaumers filed a timely appeal to the Superior Court.[5]

## No. 88 E.D. Appeal Docket, 1988

Upon receiving the second appeal the Superior Court consolidated the two cases. The court held that the Pfaumers' appeal was interlocutory and thus not properly before the court. That appeal was then quashed. The Pfaumers now challenge that ruling on two grounds: that the Superior Court erred in its interpretation of the procedural rules, and that the trial court order on their petition was entered without that court having had jurisdiction.

Regarding the first challenge we conclude that the Superior Court's interpretation of the rules, the analysis applied was absolutely correct. Pennsylvania Rule of Appellate Procedure 311(c) permits appeals to be taken of right from orders *changing* venue. On the other hand, orders sustaining a plaintiff's choice of venue may only be appealed as of right where the party benefitting from the order files an election that the order shall be deemed final, or where the court states that a substantial issue of jurisdiction is presented. Pa.R.A.P. 311(b). As the Superior Court noted, neither of the latter situations existed in this case. As a consequence the Superior Court had no alternative but to find the Pfaumers' appeal interlocutory and to dismiss it.

In their second challenge appellants argue that Judge White's ruling on the Denison petition had the effect of transferring the entire action, and divested Judge DiBona of jurisdiction in this matter; therefore, it is contended, that Judge DiBona's decision was a nullity.

It is true that judges of coordinate jurisdictions sitting in the same court and in the same case should not overrule the decisions of each other. *Marmara v. Rawle*, 264 Pa.Super. 229, 238, 399 A.2d 750, 755 (1979). See

---

5. Upon receiving the Pfaumers' request for reconsideration Judge DiBona vacated his order of October 7, 1985. This order was then reinstated by the order of November 4, 1985, at which time the appeal period began to run.

*Commonwealth v. Lagana,* 510 Pa. 477, 509 A.2d 863 (1986). *See also Yudacufski v. Commonwealth, Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982). We note, however, that this rule is not a matter of jurisdiction *per se;* rather it is a rule of sound jurisprudence based on the policy of fostering finality of pre-trial applications so that judicial economy and efficiency can be maintained. *Commonwealth v. Griffin,* 257 Pa.Super. 153, 157, 390 A.2d 758, 760 (1978). See *Reifinger v. Holiday Inns, Inc.,* 315 Pa.Super. 147, 461 A.2d 839 (1983).

Judge DiBona's ruling in the Pfaumers' petition was contrary to this jurisprudential policy, and his interpretation of Judge White's order as applying only to the *Denison* petition was in error.[6] However, although we agree with the Pfaumers' position that Judge DiBona's order should not have been given effect, for the reasons stated in our discussion related to the appeal from Judge White's order[7] the Pfaumers are not entitled to their presently requested relief. (i.e. a transfer of venue pursuant to Judge White's order). Instead, this entire matter should be returned to the Court of Common Pleas for that court to now rule on the Pfaumers' petition.

### No. 89 E.D. Appeal Dkt. 1988

■ The Superior Court then reviewed the Okkerses' appeal from Judge White's order granting a change of venue, and held that there was no record basis upon which to sustain Judge White's order. Hence, the court was compelled to vacate it. This holding was also correct.

■ Our Rules of Civil Procedure provide a plaintiff with options as to where to bring suit,[8] and this Court has emphatically stated that the choice of forum by a plaintiff is entitled to weighty consideration. *Walker v. Ohio River Co.,* 416 Pa. 149, 152, 205 A.2d 43, 43 (1964). Nevertheless,

6. Significantly, the *Denison* petition did not seek a severance.

7. No. 89 E.D. Appeal Dkt., 1988.

8. See Pa.R.Civ.P. 1006 and this Court has emphatically stated that the choice of forum by a plaintiff is entitled to weighty consideration. *Walker v. Ohio River Co.,* 416 Pa. 149, 152, 205 A.2d 43, 45 (1964).

a plaintiff's choice of forum is not unassailable and the availability of a *forum non conveniens* challenge is a necessary counterbalance to insure fairness and practicality. *See Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 491 A.2d 154 (1985). Because, however, of the weight accorded to the plaintiff's original choice courts have held that he or she should not be deprived of the advantages presumed to come from that choice

> "unless the defendant *clearly adduces* facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors' *[but] unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."*

*Reyno v. Piper Aircraft, Co.*, 630 F.2d 149, 159 (3d Cir. 1980), citing *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) and *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); cited with approval in *Korn v. Marvin Fives Food Equipment*, 362 Pa.Super. 559, 563, 524 A.2d 1380, 1384 (1987).

▮ Thus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration *on the record* of the claimed hardships. The Rules of Civil Procedure provide for a procedure whereby a complaining party can develop such a record, and this procedure has been recognized and endorsed by the Superior Court:

> a proper procedure under Rule 1006(d)(1) necessarily implicates the requirements for petition and answer set forth in Pa.R.C.P. 206 through 209, including the taking of evidence by deposition or otherwise on disputed issues of fact

*Hosiery Corporation of America v. Rich*, 327 Pa.Super. 472, 475, 476 A.2d 50, 51 (1984).

The importance of developing this on the record evidence becomes apparent when one looks to the factors which a

trial judge must consider before ordering a transfer. Those factors include:

> the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.... The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; ...

*Rini v. N.Y. Central R. Co.*, 429 Pa. 235, 239, 240 A.2d 372, 374 (1968): *Plum v. Tampax, Inc.*, 399 Pa. 553, 560–561, 160 A.2d 549, 553 (1960); citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Finally, before a court can order a transfer it must "find that transfer is more convenient for *both* parties to the action or for the witnesses." *Nicolosi v. Fittin*, 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (emphasis in the original).

Certainly, in the context of the present case, Ms. Denison had a reasonable basis upon which to seek a transfer of the action. However, it was improper to effect this transfer solely on the basis of her allegations of a hardship. This is especially so where the key allegations made by petitioner were specifically denied in the answer filed by the plaintiffs, thereby creating a factual controversy. Based on the above cited authority Ms. Denison was required to demonstrate how the Philadelphia forum adversely affected her ability to defend against plaintiff's cause of action; and the plaintiffs were certainly entitled to defend their choice of forum.[9]

**9.** According to plaintiffs' brief in this appeal, and their response to Ms. Denison's request for a change of venue, plaintiffs would have asserted, inter alia, that the Philadelphia forum was chosen because defendants Ford and PennDot maintained voluminous records in Philadelphia which may be required to be produced at trial, and that the eyewitnesses to the accident were from out of state and presumably Philadelphia was a more accessible forum for them. Plaintiffs also contend: that the Philadelphia courthouse is the same distance from

Therefore, the Superior Court was correct in reversing Judge White's order since it was clearly based upon an inadequate record.

■ In summary, regarding the two issues which were properly before the Superior Court, i.e. whether the Pfaumers' appeal should have been quashed, and whether Judge White's order of transfer was supportable, the Superior Court ruled correctly. However, once having ruled on what was properly within the court's jurisdiction the case should have been remanded to the Court of Common Pleas of Philadelphia County. Unfortunately the Superior Court did not do this.

Instead, the court, after having quashed the Pfaumers' appeal then sought to review the merits of Judge DiBona's refusal to transfer the case. This was clearly an advisory opinion; and such an opinion is without legal effect. We, therefore, specifically disagree with that part of the Superior Court opinion which sought to pass judgment on Judge DiBona's refusal to order a transfer.

In conclusion, the confused state of the procedural history in this case has obviously contributed to difficulties which have arisen. This confusion also has necessitated a somewhat unique remedy. Ordinarily the failure of parties to sustain their burden of supporting a petition to transfer venue on *forum non conveniens* grounds would result in venue remaining where the plaintiff has chosen, without further opportunity to seek a transfer. However, in this case, because Judge DiBona's order was a nullity, and to avoid any possibility of a conflicting decision, we now direct that the Denison petition [10] be consolidated with the Pfau-

the accident site as is the Montgomery County courthouse; that the respective courthouses are only sixteen miles apart; that counsel for most of the defendants have their offices in Philadelphia; and that compulsory process for the attendance of witnesses is equally available in both counties.

10. This petition was also joined in by the Township of Lower Merion and the Commonwealth of Pennsylvania.

mers' petition for consideration and disposition; and the presiding judge shall be free to rule on the consolidated petitions without regard to prior orders which have now been vacated or reversed.

Accordingly for the above stated reasons the order of the Superior Court is affirmed in part and reversed in part, and the matter is remanded to the Court of Common Pleas of Philadelphia.

LARSEN, J., files a concurring and dissenting opinion in which PAPADAKOS, J., joins.

ZAPPALA, J., files a concurring and dissenting opinion.

LARSEN, Justice, concurring and dissenting.

I agree with the majority herein that Superior Court properly 1) quashed as interlocutory the appeal from the order of Common Pleas Court Judge DiBona refusing to reconsider his order denying the Pfaumers' petition to transfer; and 2) vacated the order of Common Pleas Court Judge White granting the Denison petition for change of venue in that there was no record basis on which to sustain this order.

I disagree, however, that Superior Court erred in reviewing "the merits of Judge DiBona's refusal to transfer the case." Maj. op. at 520. In support thereof, I adopt that part of the opinion of Superior Court where that court states:

It is clear ... that Judge DiBona had before him sufficient facts to decide the issue of convenience, and that his disposition was based on a careful consideration of all relevant factors. Therefore, there can be nothing gained by a remand of the issue to Judge White nor entertainment of similar petitions by other parties to this action. To hold otherwise would only result in further

delay of a hearing on the merits of the case below. (Footnote omitted)

Opinion of the Court at 8–9 (Oct. 7, 1987).

Accordingly, I would affirm the order of Superior Court which quashed the appeal from the order of Judge DiBona, vacated the order of Judge White, and remanded for proceedings consistent with its memorandum opinion.

PAPADAKOS, J., joins in this concurring and dissenting opinion.

ZAPPALA, Justice, concurring and dissenting.

Unfortunately, the predicate of the majority's analysis is "there is no jurisdictional venue issue in this case, and the issue is solely one of *forum non conveniens.*" Majority opinion pp. 513–514. Such an abbreviated treatment of venue ignores Appellant, Township of Lower Merion, as a party to the litigation.

The specific venue rule applicable in the case *sub judice* is Pa.R.C.P. 2103(b). The rule provides:

> Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, *an action against a political subdivision may be brought only in the county in which the political subdivision is located.*

(emphasis added).

The Township of Lower Merion is located within Montgomery County. However, this factor does not conclude the required analysis because Pa.R.C.P. 1006(c) controls when, as here, there is an action to enforce joint or joint and severable liability against two or more defendants. Pa.R. C.P. 1006(c) provides:

> An action to enforce a joint or joint and several liability against two or more defendants, *except actions in which the Commonwealth is a party defendant,* may be

brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rule of Subdivisions (a) or (b).

(emphasis added).

Because the Township of Lower Merion is located within Montgomery County and the fact that the Commonwealth is a party defendant, venue can only be proper in Montgomery County.

## NO. 88 E.D. APPEAL DOCKET, 1988

I agree with the majority herein that Superior Court properly quashed as interlocutory the appeal from the order of Common Pleas Judge DiBona refusing to reconsider his order denying the Pfaumers' petition to transfer. *See* Pa.R.A.P. 311(c). Similarly, I agree with the majority that Judge DiBona's ruling on the Pfaumers' petition was contrary to jurisprudential policy and his interpretation of Judge White's order as applying only to the Denison petition was in error. It is at this juncture I part company with the majority in its conclusion that the Pfaumers are not entitled to transfer of venue pursuant to Judge White's order. For the reason set forth in the following section, I must disagree with the majority's conclusion that this matter should be returned to the Court of Common Pleas of Philadelphia County for that court to rule on the Pfaumers' petition.

## No. 89 E.D. Appeal Docket, 1988

The majority improperly analyzes whether Judge White's order of transfer was supportable. This occurs because the majority engrafts on to Pa.R.C.P. 1006(d)(1) a requirement that a judge in determining *forum non conveniens* must conduct a hearing in order to develop a record on which to base his order. The plain language of the rule does not require such a result. Furthermore, Pa.R.C.P. 1006(d)(1) is distinguishable from Pa.R.C.P. 1006(d)(2) which requires a hearing when parties seeking a change of venue have alleged reasons why a fair trial can not occur in the county.

The contrasting language of these subsections serves to confirm that a hearing is not required to develop a record in the case *sub judice*.

Review of the record indicates, however, there was an adequate factual basis for Judge White to have made his decision. In fact, the information before Judge White was virtually indistinguishable from that presented to Judge DiBona, which was later used by Superior Court to finally determine not to transfer the action to Montgomery County. Furthermore, in contrast to Superior Court's determination that there was limited information in the petition and answer, review of the record reveals that both of those documents were accompanied by extensive memoranda of law. This detailed information supplied by the parties addressed each of the important considerations affecting their interests. *See Fox v. Pennsylvania Power and Light Co.*, 315 Pa.Super. 79, 461 A.2d 805 (1983) (ease of access to the sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of witnesses; the possible need for a view of the premises, etc.). Because no abuse of discretion can be attributed to Judge White, it can be discerned that Superior Court merely substituted its own judgment for that of Judge White. *See Iole v. Western Auto Supply Co.*, 352 Pa.Super. 528, 508 A.2d 600 (1986).

Accordingly, the order of the Superior Court should be reversed and Judge White's order of transfer of the entire case to Montgomery County should be reinstated.

For these reasons, I dissent in the majority's disposition of this appeal.