82

604 A.2d 743

Terry A. WATKINS and Sandra D.
Watkins, his wife, Appellants,

v.

J.E. SHAFFER COMPANY, a corporation; National Supply
Company, a corporation; Continental EMSCO, a corporation;
and LTV Energy Products Company, a corporation, Appel-
lees.

Superior Court of Pennsylvania.

Argued Jan. 14, 1992.

Filed March 13, 1992.

Jay N. Silberblatt, Pittsburgh, for appellants.

William M. Adams, Pittsburgh, for appellee Shaffer Co.

Ronald W. Crouch, Pittsburgh, for appellees Nat. Supply and Continental Emsco.

Before CAVANAUGH, WIEAND and HESTER, JJ.

WIEAND, Judge:

The trial court order to be reviewed in this appeal transferred venue from Allegheny County to Venango County for the convenience of parties and witnesses. After careful review, we affirm.

Terry Watkins sustained work related injuries while working in Venango County as part of an oil drilling operation on October 13, 1985. The accident was allegedly caused while Watkins was working with a chainbinder or come-along which he was using to adjust guy wires intended to stabilize a portable oil drilling rig. He filed an action in Allegheny County, alleging strict liability against J.E. Shaffer Company, an Oklahoma corporation; National Supply Company, a Texas corporation; Continental Emsco, a Delaware corporation; and LTV Energy Products Company, a Pennsylvania corporation. Shaffer and National do not have offices in Pennsylvania and were served by registered mail. Emsco and LTV were served in Allegheny County. Before the case could be tried, however, Emsco and LTV went into bankruptcy, and the action against them, therefore, has been stayed. After discovery had been completed and prior to trial, National filed a petition under Pa.R.C.P. 1006(d)(1) in which it requested that venue be transferred to Venango County for the convenience of parties and witnesses. The trial court granted this petition, and Watkins, the plaintiff, appealed.

Pa.R.C.P. 1006(d)(1) permits the court in which an action is pending to transfer the action to another county for the convenience of parties and witnesses. The rule vests considerable discretion in the trial court to determine whether venue should be changed, and an exercise of such discretion will be reversed only for an abuse thereof. *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 81, 461 A.2d 805, 806 (1983). So long as venue is laid consistently with the Rules of Civil Procedure, the choice of a forum by the plaintiff is entitled to weighty consideration. *Okkerse v. Howe*, 521 Pa. 509, 517, 556 A.2d 827, 832 (1989). The right of a plaintiff to choose a forum, however, is not

absolute. The forum non conveniens provision of Pa.R.C.P. 1006(d)(1) is a necessary counterbalance to insure fairness and practicality. *Okkerse v. Howe, supra,* 521 Pa. at 518, 556 A.2d at 832; *Ernest v. Fox Pool Corp.,* 341 Pa.Super. 71, 75, 491 A.2d 154, 156 (1985). In general, the plaintiff's choice of forum will not be disturbed

> "unless the defendant **clearly adduces** facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors' [but] **unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.**"

*Reyno v. Piper Aircraft, Co.,* 630 F.2d 149, 159 (3d Cir. 1980), citing *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) and *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); cited with approval in *Korn v. Marvin Fives Food Equipment,* 362 Pa.Super. 559, 563, 524 A.2d 1380, 1384 (1987). See also: *Okkerse v. Howe, supra* 521 Pa. at 518, 556 A.2d at 832.

The trial court was required to consider and act upon facts which included the following: The plaintiff is a resident of Indiana County. The accident occurred in Venango County. The place of business of plaintiff's employer is in Indiana County. The equipment alleged to have caused plaintiff's injuries was manufactured in Oklahoma by a corporation having neither employees nor physical presence in Pennsylvania. The equipment was allegedly sold to plaintiff's employer by one of the three remaining defendants. However, Continental Emsco and LTV Energy Products are in bankruptcy, and National Supply Company is a Texas corporation which does not now and never has had an officer or place of business in Allegheny County. Although it does not appear that there are any disinterested, eyewitnesses who saw the accident, none of the members of plaintiff's crew live in Allegheny County. Indeed,

no resident of Allegheny County has been identified by any party as a fact witness. Following the accident, plaintiff received emergency treatment at the Franklin Regional Medical Center in Venango County and was treated by physicians who lived and practiced medicine in Venango County.

Under these circumstances, the trial court determined that it would be more convenient to parties and witnesses if the case were tried in Venango County. The trial court also determined that Allegheny County had no interest in the litigation and that its citizens should not be burdened with the cost in time and money of a trial in Allegheny County. In this respect, the trial court observed:

Of further concern is the expense of trial placed on the taxpayers of Allegheny County in a case whose only connection to Allegheny County is the location of the office of the Plaintiffs' lawyers a city block from the Courthouse. The convenience of the lawyer is no where listed as a consideration in *Okkerse.* In an estimate prepared by the Administrative Office of the Allegheny County Court of Common Pleas that is some ten years old, without any inflation factor added for present cost, it costs Allegheny County approximately $1,000.00 a day to provide the physical facilities for a trial courtroom with supporting personnel, supplies and jury expense. This incident occurred out of oil drilling, an economic activity beneficial to Venango County and not Allegheny County. The expense of the trial should be properly borne by the taxpayers of Venango County.

We perceive no abuse of discretion in the trial court's decision to transfer venue to Venango County.

█ Appellant argues, however, that two years earlier a petition for change of venue by Shaffer had been denied by another judge in Allegheny County and that his decision should not have been overruled by the present order. The present petition, however, was not presented by Shaffer but by National Supply Company. More importantly, in the intervening two year period in which discovery was conduct-

ed, additional facts were developed which demonstrated clearly that Allegheny County had no interest in a trial involving an accident in Venango County, a plaintiff who resided in Indiana County, two defendants who were foreign corporations without a place of business in Allegheny County and no fact witnesses who resided in Allegheny County. Under these circumstances, we cannot say that the calendar control judge in Allegheny County erred by transferring venue to the county in which the accident occurred and which had a direct interest in the litigation to be tried.

Appellant also contends that the calendar control judge erred when he entered an order without a prior evidentiary hearing. Where there are disputed facts, a trial court can make adequate findings only on the basis of evidence produced by hearing or depositions. See: *Okkerse v. Howe, supra,* 521 Pa. at 518, 556 A.2d at 832; *Hosiery Corporation of America v. Rich,* 327 Pa.Super. 472, 475, 476 A.2d 50, 51 (1984). In the instant case, however, there had been extensive discovery conducted, and from the depositions and answers to interrogatories the court was able to make a determination of the facts necessary to an intelligent decision on National's petition for change of venue.

Finding neither procedural error nor abuse of discretion, the order of the trial court which transferred venue must be, as it is,

Affirmed.