## United Leasing, Inc. v. Burton

*David J. Flower,* for plaintiff.
*Bart J. Tyson,* for defendants.

FIKE, *P.J.,* July 27, 1993—This case is before the court on (1) defendants' petition to transfer; (2) defendants' motion to disqualify plaintiff's counsel; and (3) defendants' preliminary objection in the nature of a demurrer.

This action stems from a lease agreement entered into on November 4, 1988, between plaintiff, United Leasing, Inc., (hereafter referred to as "United"), and Burton Moving and Storage, Inc. (hereafter referred to as "Burton Moving"). The subject of the lease agreement was a tractor which was leased to Burton Moving.

In response to a request by United, defendants, George and Georgine Burton, signed a guarantee as personal guarantors of the lease between United and Burton Moving.

On May 1, 1991, Burton Moving entered into Chapter 11 bankruptcy. The Bankruptcy Court for the Western District of Pennsylvania approved a reorganization plan. As part of the plan, United reacquired possession of

the tractor and became an unsecured creditor for the balance due under the lease in the amount of $10,704.81. The plan provided for 100 percent creditor pay back over a 10 year period.

On November 1, 1992, plaintiff, United, filed suit against defendants, George and Georgine Burton (hereafter referred to as "Burtons"), for breach of the personal guarantee. Plaintiff contends that it is entitled to payment in full by the Burtons as personal guarantors of the lease.

## DISCUSSION

First, we must determine whether this court has jurisdiction to hear the case.

In deciding whether subject matter jurisdiction exists, the court must decide whether it "has the power to determine controversies of the general class to which the case belongs (citation omitted); ... the controlling question is the fundamental one of whether the court has the power to embark upon the inquiry raised by the complaint in a particular action which has been commenced (citation omitted)." *Stevens v. Erie Insurance Exchange,* 50 Somerset Leg. J. 40, 45 (1987).

As a general principle, a breach of contract action is within the competence of the common pleas court to hear and decide. *Id.* at 55. In the instant case, the plaintiff sued defendants based on breach of a guaranty contract. Ordinarily, we would not hesitate to embark upon the inquiry raised by the plaintiff's complaint.

The issue, however, is clouded by the fact that the corporation, Burton Moving, whose debt was guaranteed by the Burtons, filed for bankruptcy and by the fact that a subsequent plan for reorganization was approved by the Bankruptcy Court. In this connection

it is important to note that the guarantor, George Burton, is the principal of the debtor corporation.

Despite these factors and the intervention of bankruptcy proceedings, however, we conclude that the instant suit may proceed. According to applicable federal authority, guarantors may be sued in a state court, even though bankruptcy proceedings are pending against the principal debtor in a federal district court. *In re Magnus Harmonica Corporation*, 233 F.2d 803 (3rd Cir. 1956); *Browning Seed, Inc. v. Bayles*, 812 F.2d 999 (5th Cir. 1987).

In *In re Magnus Harmonica Corporation, supra,* the president of the corporation, Finn Magnus, and the secretary of the corporation, Elsie Magnus, guaranteed the debt of the corporation. *Id.* at 803. The corporation then entered into Chapter 11 bankruptcy reorganization. Thereafter, the obligee of the guaranty instituted suit in state court against the Magnuses on the contract of guaranty. The Magnuses sought an injunction to have the proceeding stayed, which was subsequently granted by the district court. *Id.*

The obligee filed a motion to stay the injunction. In staying the injunction, the court held that the federal court had no authority to enjoin a state court action against the guarantors, although the debtor corporation was in bankruptcy. *In re Magnus Harmonica Corporation, supra.* In determining that a suit could proceed in state court against the guarantors of the debt at the same time the debtor corporation was in bankruptcy reorganization, the court reasoned that the federal court in bankruptcy proceedings did not have "exclusive jurisdiction over all controversies that in some way affect the debtor's estate." *Id.* at 804.

Accordingly, we find that jurisdiction in the instant case is proper.

Having determined that we have jurisdiction, we next address defendants' motion to disqualify plaintiff's counsel.

Defendants rely on Canon 9 of the Code of Professional Responsibility as authority for their proposition that plaintiff's attorney must be disqualified. Defendants contend that a lawyer has the ethical obligation "[to] avoid *even the appearance* of professional impropriety. ..." Pa. Code of Prof. Resp., Canon 9. This necessarily refers to conduct which "might cause an average layman to think that his interest might be adversely affected by the conduct." *Id.*

Specifically, defendants contend that a "layman may perceive that District Attorney Flower in this non-official capacity could use his official position to benefit the civil claims of his private client (United Leasing)." Defendants assert that this situation evokes an inherent appearance of bias, which jeopardizes defendants' right to a fair and impartial jury trial. Defendants further contend that the "disadvantage of the defendants is further compounded by the arcadian nature of Somerset County as well as the fact that no substantial separation exists in county criminal proceedings or county civil proceedings."

We observe preliminarily, that as pointed out by plaintiff, Pennsylvania no longer adheres to the "appearance of impropriety" standard. Rather, the Rules of Professional Conduct require the existence of an *actual* impropriety. Pennsylvania Bar Association Comm. on Ethics and Professional Responsibility, Inquiry no. 91-21 (1991); Rules of Professional Conduct Rule 1.7 cmt. (1987). We must bear this in mind as we proceed to address defendants' motion.

It is accepted practice in this state, and in particular Somerset County, that an elected part-time district attorney be permitted to maintain a private practice. *Commonwealth v. Gunsallus,* 2 D.&C.4th 359, 362 (1989). It

is recognized that in the course of maintaining such a practice, conflicts may arise which warrant close scrutiny by the court. *Id.* at 363. Defendants, however, are not raising a conflict of interest claim, nor is Attorney Flower engaged in a situation which would warrant such an analysis. Rather, defendants claim that District Attorney Flower has an unfair advantage because of his political position.

It is established law that a "plaintiff's choice of counsel is entitled to substantial deference." *Hamilton v. Merrill Lynch,* 645 F. Supp. 60, 61 (1986). Defendants present us with no evidence of actual impropriety. Any potential problem with possible bias or partiality can be addressed and resolved at the voir dire stage. We will deny defendants' motion for disqualification.

Defendants also contend that the cause of action should be transferred to the Court of Common Pleas of Cambria County on the basis of *forum non conveniens.* They base their petition on the following: (1) the contract and personal guarantee in the subject cause of action arose in Cambria County; (2) Burton Moving, the lessee to the original contract to which the guarantee applies, is located in Cambria County; (3) Vessley Bros., the corporate headquarters of a potential witness, is located in Fayette County; (4) plaintiff would not be prejudiced by transfer to Cambria County because plaintiff is located in Fenton, Missouri; and (5) the forum County, Somerset, where defendants' case is now pending, will not be fair and impartial because plaintiff's attorney is also the district attorney of that county.

A petition for *forum non conveniens* is governed by Pennsylvania Rule of Civil Procedure 1006. Rule 1006 provides in pertinent part:

"(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where

the action could originally have been brought." 42 Pa.R.C.P. §1006(d).

In ruling on a petition to transfer, the court is required to give weighty consideration to the plaintiff's choice of forum. *Okkerse v. Howe,* 521 Pa. 509, 517, 556 A.2d 827, 832 (1989). The party seeking a change of venue bears a very heavy burden and must clearly present facts that "either (1) establish such oppressiveness and vexation to a [party] as to be out of all proportion to plaintiff's convenience ... or (2) made trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors." *Id.* at 518, 556 A.2d at 832. In either situation, however, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.*

The court must consider several factors when determining whether transfer is proper. These factors include:

"the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.... The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation."

*Okkerse v. Howe, supra* at 519, 556 A.2d at 832 (citing *Rini* v. *N.Y. Central R. Co.,* 429 Pa. 235, 239, 240 A.2d 372, 374 (1968)). Before the court can order a transfer, it must "find that transfer is more convenient

for *both* parties to the action or for the witnesses." (emphasis in original) *Id.*

With the above principles in mind, we proceed to analyze the five reasons advanced by defendants in support of their petition.

We recognize that Burton Moving, the lessee to the original contract to which the guarantee applies, is located in Cambria County. However, the Burtons, as principals of that company, will actually be the individuals testifying at trial, not the corporation. The Burtons are residents of Somerset County, the forum county.

Defendants also contend that Cambria County is more convenient because the president of Vessley Bros. will be testifying and Vessley Bros. is located in Fayette County. Defendants, however, have failed to provide us with information regarding where the president resides. Moreover, we agree with plaintiff that Fayette County is actually closer to Somerset County than to the courthouse in Cambria County.

Defendants have failed to present any evidence that the cost of trial would be greatly reduced, nor do they present us with any evidence that it would be easier to obtain the attendance of witnesses, if the trial were held in Cambria County. In fact, from the evidence now before us, it appears that none of the witnesses are residents of Cambria County.

We have already addressed, and rejected, defendants' partiality claim in connection with defendants' motion for disqualification and no further comment on that issue is necessary here.

We find that the defendants have failed to produce evidence that establishes such oppressiveness and vexation to warrant a transfer. Accordingly, we deny defendants' petition.

Finally, defendants have filed preliminary objections in the nature of a demurrer asserting that since the Bankruptcy Court for the Western District of Pennsylvania approved a reorganization plan which provides for payment in full to United, the bankruptcy law preempts state law and plaintiff cannot bring an action against the defendants.

Plaintiff, on the other hand, asserts that 1) the pleadings do state a claim on which relief can be granted; and 2) the defendants' preliminary objections are comprised of matters outside the record which, as a matter of law, cannot support preliminary objections in the nature of a demurrer.

When analyzing preliminary objections in the nature of a demurrer, all well pleaded facts and any inferences reasonably deducible therefrom are taken as true for purposes of the analysis. *Trent v. PBS Coals, Inc.*, 50 Somerset Leg. J. 305 (1992). We will sustain a demurrer only when the case is free from doubt, where the plaintiff has clearly failed to state a claim for relief. *Id.* More importantly, when considering a preliminary objection in the nature of a demurrer, the court should not consider any pleadings not disclosed on the record. *Peoples Bank and Trust Co. v. Ankney,* 40 Somerset Leg. J. 93, 96 (1980).

We agree with defendants that under section 1141 of the Bankruptcy Code, a confirmation of reorganization plan discharges the debtor from all claims arising prior to the date of confirmation. We must keep in mind, however, against whom the suit is brought. The suit is not against the debtor corporation, but against the Burtons, guarantors for the debtor.

It is established law that generally the discharge of a debtor in bankruptcy has no effect on the liability of co-debtors, guarantors or sureties. *Union Carbide, Corp.*

*v. Newboles,* 686 F.2d 593, 595 (7th. Cir. 1982); See also, *F.R. Winkler K.G. v. Stoller,* 839 F.2d 1002 (3rd Cir. 1988); *Underhill v. Royal,* 769 F.2d 1426 (9th Cir. 1985). The Bankruptcy Court has no power to discharge the liabilities of the bankrupt's guarantors. *Union Carbide Corp., supra.* Moreover, a creditor's approval of a bankruptcy plan will not operate as a discharge. *Id.*

We find that plaintiffs have stated a claim upon which relief can be granted. Accordingly, we overrule defendants' preliminary objection in the nature of a demurrer. Having so ruled, we need not address plaintiff's second argument.

## ORDER

Now July 27, 1993, it is ordered that:

(1) Defendants' petition for disqualification of plaintiff's counsel is denied.

(2) Defendants' petition for transfer on the basis of *forum non conveniens* is denied.

(3) Defendants' preliminary objection in the nature of a demurrer is overruled.