# Casper v. Heller

*Michael E. Kosik,* for plaintiffs.
*John F. Yaninek,* for defendants.

CLARK, *J.,* January 10, 1997—This claim arises from an automobile accident in which plaintiff, Madge Casper, sustained injuries to her person. A trial was held before this court on April 28, 1996. Due to an order entered by the Honorable Todd A. Hoover on April 9, 1996, plaintiffs were precluded from introducing expert testimony at trial on the issue of Mrs. Casper's detached retina. As a result, plaintiffs filed a post-trial motion requesting a new trial on the basis that Judge Hoover abused his discretion and inappropriately withheld plaintiffs' expert testimony regarding the retinal injury from the jury.

After a trial, the court has discretion to order a new trial as to any or all of the issues involved in the proceedings. Pennsylvania Rule of Civil Procedure 227.1(a)(1). "A new trial should be granted if the judge finds that an injustice has been done." *Colosimo v. Pennsylvania Electric Co.,* 513 Pa. 155, 163, 518 A.2d 1206, 1211 (1986), citing *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985). In order to determine if an injustice was done by Judge Hoover's decision, we must strictly examine the discovery process in this case.

On or about August 3, 1995, defendant served plaintiffs with a set of expert interrogatories to be answered by September 3, 1995. Plaintiffs failed to respond to the interrogatories. As a result, defendants additionally requested answers from plaintiffs' counsel on two occasions, October 3, 1995 and October 25, 1995. These efforts proved fruitless so defendants filed a motion to compel answers to interrogatories on November 30, 1995. The court acted on the motion by issuing a rule

to show cause as to why the interrogatories should not be answered and further directed that sanctions would result if plaintiffs failed to comply with the order.

Ultimately, on January 2, 1996, plaintiffs answered the rule to show cause and submitted a proposed order denying defendants' motion to compel. A discovery conference was held on January 12, 1996, at which time the court entered an order substantially similar to the one proposed by plaintiffs. As submitted by plaintiffs, the court's order granted plaintiffs an additional 60 days to produce an expert report concerning the cause of Mrs. Casper's detached retina. Furthermore, failure to produce a report on or before this date would bar plaintiffs from introducing testimony on the issue at trial. The court included an additional provision to plaintiffs' proposed order by directing that there would be no extensions to the 60 day extension. (Defendants' exhibits 1 and 2.)

Finally, on March 12, 1996, plaintiffs filed answers to the interrogatories, however, the answers were incomplete. As required by the order, plaintiffs did not provide an expert report on the cause of Mrs. Casper's detached retina. The answers identified a physician as plaintiffs' expert, but did not include his report or discuss his findings and/or conclusions. Instead, plaintiffs advised defense counsel that their expert was out of the country, but his office confirmed a willingness to issue a report. The report was to be prepared after the physician reviewed Mrs. Casper's medical records.

The following day, defense counsel sent a letter to Judge Hoover requesting that he issue an order precluding plaintiffs from introducing expert testimony at trial regarding the injured retina. On that same day,

plaintiffs' counsel advised the court of its expert's absence from the country and desire to obtain a report shortly thereafter.

As a result of plaintiffs' failure to comply with the court's order, defendants filed a petition for relief. Another discovery conference on this matter was scheduled by the court for April 2, 1996. During the conference, plaintiffs' counsel was unable to confirm that an expert report could be provided within the two-week period following the conference. In accordance with Pa.R.C.P. 4019(a)(1)(viii) and (c)(2), Judge Hoover entered an order precluding plaintiffs from introducing expert testimony at trial on the issue of Mrs. Casper's detached retina.

Plaintiffs contend that they were not timely notified of Judge Hoover's decision. Therefore, on April 12, 1996, plaintiffs provided defendants with an expert report. It was not until this time that plaintiffs learned that an order had been issued by the court. Plaintiffs filed a motion for reconsideration of the order which was subsequently denied. Also to no avail, plaintiffs requested that the order be amended to provide an opportunity for immediate appeal. As such, the case proceeded to trial before this court during the April 1996 trial term.

An examination of the above facts involving discovery in this case, indicates that plaintiffs had ample opportunity to provide an expert report. The interrogatories were initially served in August 1995. Approximately five months later, the court issued an order granting plaintiffs an additional 60-day extension within which to provide a report. The order, *as originally proposed by plaintiffs,* warned of the exclusion of testimony at trial if the order was violated. It clearly stated that no further extensions would be given. The deadline

anticipated in the order, March 12, 1996, came and went without a report from plaintiffs. It was not until this time that plaintiffs conveyed to the court the difficulties associated with obtaining a timely report from their expert. Even after a few more weeks had passed, plaintiffs were still unable to confirm to the court that a report would shortly be forthcoming. Based on the inordinate amount of time provided to secure an expert report, along with the knowledge of Mrs. Casper's injury and its connection to the accident at the outset of this case, Judge Hoover properly precluded plaintiffs from introducing expert testimony at trial concerning Mrs. Casper's detached retina.

By way of further support, the "coordinate jurisdiction rule" limits the power of the court to alter the resolution of a legal question previously decided by a transferor judge of coordinate jurisdiction. *Riccio v. American Republic Insurance Co.,* 453 Pa. Super. 364, 683 A.2d 1226 (1996). Under this rule, judges of coordinate jurisdiction sitting on the same case should not overrule each other's decisions. *Id.* at 370, 683 A.2d at 1229, citing *Commonwealth v. Starr,* 541 Pa. 564, 573, 664 A.2d 1326, 1331 (1995); *Okkerse v. Howe,* 521 Pa. 509, 516, 556 A.2d 827, 831 (1989). As discussed by the Pennsylvania Supreme Court in *Starr,* the "coordinate jurisdiction rule" falls within the ambit of the "law of the case doctrine." The "law of the case" "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court . . . . Among the related but distinct rules which make up the law of the case doctrine are that: . . . (3) *upon transfer of a matter between trial judges of coordinate juris-*

*diction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court."* Starr, *supra* at 574, 664 A.2d at 1331. (emphasis added)

Departure from the above legal doctrines is allowed when the prior holding was clearly erroneous and would create a manifest injustice if followed. *Riccio, supra* at 372, 683 A.2d at 1230. However, as previously discussed herein, the court is unable to find that the decision issued by Judge Hoover was erroneous and created a manifest injustice.

Accordingly, the following is entered:

### ORDER

And now, January 10, 1996, for the reasons set forth in the attached opinion, plaintiffs' motion for post-trial relief is denied.