2014 PA Super 240

| | |
|---|---|
| HYUN JUNG "JOANN" LEE<br><br>　　　　Appellant<br><br>　　　v.<br><br>BOWER LEWIS THROWER, GILBANE BUILDING COMPANY, PENNSYLVANIA UNIVERSITY STATE UNIVERSITY, SASAKI ASSOCIATES, AND GILBANE, INC.<br><br>　　　v.<br><br>JOHN M. ARMSTRONG, SCHWEPPE LIGHTING DESIGN, INC., A/K/A D. SCHWEPPE LIGHTING DESIGN, INC. AND SWEETLAND ENGINEERING & ASSOCIATES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 2421 EDA 2013 |

Appeal from the Order Entered August 9, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 121003863

BEFORE:　GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

OPINION BY GANTMAN, P.J.:　　　　　　　　**FILED OCTOBER 22, 2014**

Appellant, Hyun Jung "Joann" Lee, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the petition of Appellees, Bower Lewis Thrower Architects ("Bower"), Gilbane Building Company ("Gilbane"), Pennsylvania State University ("PSU"), Sasaki Associates ("Sasaki"), Gilbane, Inc., John M. Armstrong, Schweppe Lighting

_____

*Retired Senior Judge assigned to the Superior Court.

Design ("Schweppe"), and Sweetland Engineering & Associates, Inc. ("Sweetland") to transfer venue from the Philadelphia County Court of Common Pleas to the Centre County Court of Common Pleas, based on *forum non conveniens*.[1]  We affirm.

The trial court opinion sets forth the relevant facts of this case as follows:

> This action arises out of an automobile accident that occurred on November 23, 2010, on the campus of Penn State University in State College, PA.  [Appellant] was crossing Bigler Road on foot at night when she was struck by a pickup truck driven by Penn State employee John Armstrong, who was on his way home from work. [Appellant] suffered a severe brain injury as a result of the accident.
>
> The location where [Appellant] was crossing Bigler Road was next to Penn State's East Parking Deck, a structure that had been built as a part of a larger campus improvement project.  The project involved designing various elements of infrastructure in and around the parking deck, such as sidewalks, crosswalks, and lighting. [Appellant] brought this action claiming that [Appellees], among whom are the companies who designed and built the area at issue, negligently designed the intersection by failing to include proper lighting and warning signs.[1]
>
> > [1] [Appellant] brought a separate lawsuit against Armstrong in Centre County, PA.  That matter was settled.  Armstrong was joined as an additional defendant by [Appellee] Sakasi Associates.

(Trial Court Opinion, dated April 11, 2014, at 1-2).

---

[1] Pa.R.C.P. 1006(d)(1).

Appellant filed a complaint on October 26, 2012, in the Philadelphia County Court of Common Pleas against Appellees Bower, Gilbane, PSU, Sasaki, and Gilbane, Inc. From January 3, 2013 through April 1, 2013, Appellees and Appellant filed various pleadings, which resulted in the joinder of John M. Armstrong, Schweppe, and Sweetland as additional defendants in the action.

On April 15, 2013, Appellee Sweetland filed a petition to transfer venue based on *forum non conveniens*. The other Appellees joined the petition. Appellant opposed the petition to transfer on May 6, 2013. On August 9, 2013, the trial court granted Appellees' petition and transferred the case to Centre County.

Appellant timely filed a notice of appeal on August 12, 2013. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue for our review:

> DID THE [TRIAL] COURT ABUSE ITS DISCRETION AND MISAPPLY THE LAW IN DISREGARD OF THE STRINGENT BURDEN IMPOSED ON [APPELLEES] SEEKING TRANSFER ON *FORUM NON CONVENIENS* GROUNDS WHEN IT GRANTED THE PETITION TO TRANSFER VENUE IN THIS CASE WHERE THERE EXISTED NO EVIDENCE THAT TRIAL IN PHILADELPHIA COUNTY WOULD BE VEXATIOUS OR OPPRESSIVE TO [APPELLEES]?

(Appellant's Brief at vii).

Appellant argues the court failed to apply the stringent test set forth in

***Cheeseman v. Lethal Exterminator, Inc.***, 549 Pa. 200, 701 A.2d 156

(1997), when it simply conducted a balancing test between Philadelphia County and Centre County and the relative inconvenience of a small number of witnesses who might not be called to testify at trial. Moreover, Appellant contends the affidavits of the witnesses were conclusory and vague. Further, Appellant alleges the court lacked sufficient detailed information to support Appellees' contention that Appellant's chosen forum was not merely inconvenient but also oppressive or vexatious. Appellant submits the court misapplied the law and abused its discretion by failing to use the more stringent standard of vexatious or oppressive. Appellant concludes the court erred when it transferred the case to Centre County, and the order must be reversed. We disagree.

Review of an order regarding the transfer venue on *forum non conveniens* grounds implicates these principles:

> When ruling on a petition to transfer venue pursuant to Rule 1006(d)(1), trial courts are vested with "considerable discretion…to balance the arguments of the parties, consider the level of prior court involvement, and consider whether the forum was designed to harass the defendant." ***Zappala v. Brandolini Property Management, Inc.,*** 589 Pa. 516, 535, 909 A.2d 1272, 1283 (2006) (citing ***Cheeseman, supra*** at 213, 701 A.2d at 162). Accordingly, appellate courts review a trial court's ruling on a motion to transfer for an abuse of discretion. ***Id.*** at 537, 909 A.2d at 1284 (citation omitted).
>
>> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is

> overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence o[f] the record.

***Id.*** (internal citations omitted).

Our case law once recognized *forum non conveniens* transfers based on considerations affecting the court's interests, such as court congestion (as opposed to the parties' interest in having the case resolved in a forum with less backlog), or imposing jury duty and court costs on the people of a community with no relation to the litigation. ***See Scola v. AC & S, Inc.,*** 540 Pa. 353, 657 A.2d 1234, 1241 (1995) (citation omitted); ***Okkerse v. Howe***, 521 Pa. 509, 556 A.2d 827, 832 (1989) (citations omitted); ***Plum v. Tampax, Inc.***, 399 Pa. 553, 561-62, 160 A.2d 549, 553-54 (1960) (citations omitted). As lower courts applied these principles on a case-by-case basis, "a policy developed of according court congestion great weight at the expense of the plaintiff losing his chosen forum." ***Cheeseman, supra*** at 209, 701 A.2d at 160; ***see generally Incollingo v. McCarron***, 611 A.2d 287, 290–91 (Pa.Super. 1992) (holding defendant's assertions of witness convenience did not warrant transfer, but transfer appropriate based on, *inter alia,* "substantial backlog of civil cases" in Philadelphia courts (citations omitted)).

***Cheeseman*** clarified the factors on which a trial court may rely when ruling on a *forum non conveniens* motion, holding a petition to transfer venue should be granted only if the defendant "demonstrat[es], with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." ***Cheeseman, supra*** at 213, 701 A.2d at 162. So called "public interest" factors affecting the court's own concerns are not controlling because Rule 1006(d)(1) speaks only in terms of convenience to the parties and witnesses, not the courts. ***Id.*** at 212, 701 A.2d at 161–62. By way of example, Justice Cappy noted:

> [T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him

- 5 -

by establishing…the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing…trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* at 213, 701 A.2d at 162 (footnote and internal citation omitted). Thus, *Cheeseman* was not intended to increase the level of oppressiveness or vexaciousness a defendant must show; rather, understood in its articulated context, *Cheeseman* merely corrected the practice that developed in the lower courts of giving excessive weight to "public interest" factors when ruling on a *forum non conveniens* motion. Whatever public interest factors exist, they are not determinative; they are only a factor insofar as they bear directly on the ultimate test. And while Rule 1006(d)(1) on its face allows transfer based on "the convenience of the parties[,]" Pa.R.C.P. 1006(d)(1), convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious.

*Bratic v. Rubendall*, 2014 WL 4064028, at *3-*4 (Pa. August 18, 2014).

A moving party must support a petition to transfer venue with detailed information on the record; however, "*Cheeseman* and Rule 1006(d) do not require any particular form of proof." *Id.* at *6. Rather, the moving party must present "a sufficient factual basis for the petition, and the trial court retains the discretion to determine whether the particular form of proof is sufficient." *Id.* (internal citations and brackets omitted). Further, while mere inconvenience remains insufficient, "there is no burden to show near-

draconian consequences." ***Id.*** at *7. ***Bratic*** held the nearly identical affidavits from the potential witnesses in that case were alone sufficient to support transfer from Philadelphia to Dauphin County, based on factors such as distance, burden of travel, time out of office, disruption to business operations, difficulty in obtaining witnesses and access to proof generally. ***Id.*** at *5-*6.

Instantly, the trial court reasoned as follows:

> In this case, [Appellees] have met their burden in showing through detailed evidence on the record that trial in Philadelphia would be oppressive. [Appellees] have submitted affidavits from seven witnesses to demonstrate how trial in Philadelphia County would be oppressive. Many of the witnesses note that they have family and childcare commitments that would make a multi-day trial in Philadelphia oppressive to them. Furthermore, some potential witnesses have job responsibilities that would be impossible to perform if they were required to spend several days and nights away from Centre County. For example, Steven Maruszewski, who oversees a staff of 1300 employees at the Office of the Physical Plant at Penn State, would be required to miss multiple days of work.[2] Several witnesses also detailed personal obligations, such as childcare, that would make a multi-day trip burdensome and disruptive.
>
> > [2] This [c]ourt is certainly aware that trial in Centre County will not excuse these witnesses from testifying at all. However, a witness who is on-call at a trial less than ten minutes from his office can go to work for at least some of the day. Should trial occur in Philadelphia, this would not be possible, and due to the unpredictable nature of trial scheduling, it is likely that each witness would need to spend multiple days in Philadelphia awaiting his or her turn to testify.

The Superior Court, in affirming a Philadelphia trial court's transfer to Bradford County, PA,[3] noted the value of this kind of evidence. The Superior Court in **Wood v. E.I. du Pont de Nemours & Co.**, 829 A.2d 707 (Pa.Super. 2003), *appeal denied*, 580 Pa. 699, 860 A.2d 124 (2004), affirmed the trial court's decision, which was, in part, based on "detailed information on the record establishing that many of its critical witnesses were plant employees who would be forced to travel over 190 miles to attend trial in Philadelphia." **Wood** at 713. That evidence in **Wood** was presented via affidavit. The same evidence exists here: multiple [witnesses] will be required to travel nearly 200 miles to testify about a case involving allegations of a physical defect on Penn State's campus.

> [3] Bradford County and Centre County are approximately the same distance from Philadelphia, albeit in different directions.

Travel considerations for witnesses and transportation considerations for evidence are generally less of a concern when a Philadelphia trial court is faced with a motion to transfer venue to an adjacent suburban Philadelphia county. **Raymond v. Park Terrace Apartment, Inc.**, 882 A.2d 518, 521 (Pa.Super. 2005), *appeal denied,* 585 Pa. 689, 887 A.2d 1241 (2005) (observing that "in reality, traveling from Delaware, Bucks, Montgomery or Chester County to Philadelphia is not particularly onerous.") This observation reinforces the idea that travel beyond these counties, therefore, *can* be onerous. It is undisputed that travel to and from State College, Pennsylvania, could take three or four hours each way. This distance, combined with the number of witnesses in this case (there being multiple defendants, most of whom are based in Centre County), would result in an oppressive situation for [Appellees].

[Appellant] note[s] that because some of the witnesses in this case work for companies that also have offices in Philadelphia, a Philadelphia forum could not be inconvenient. Absent any connection between this fact and a showing of inconvenience to the specific witnesses [Appellees] plan to call, this fact is not dispositive. An employee who works for a company that happens to have

a branch in a particular city does not necessarily mean that such an employee would not be inconvenienced by travel to that city. That employee could do his or her job without need for travel to every branch of his company's offices. In fact, this is the case here: even through it appears undisputed that [Gilbane] has a Philadelphia office, it also appears undisputed that Jarir Abu-Shaheen does not travel to this office to do his work.[4] This argument, therefore, is speculative at best.

> [4] [Appellant], in her "analysis" response to chunks of cited "affidavit language," asks: "Again, are we really to believe that such an important executive working for a Philadelphia based construction company that is among the largest of its kind in the work [sic], never travels to Philadelphia?" [The trial court] notes that Abu-Shaheen is the Project Executive for projects based in Centre County only.

To the end of curing the prejudice of bringing over half a dozen witnesses from Centre County for trial, [Appellant] proposes a solution and indicates that "[Appellant's] counsel are agreeable to deposing all witnesses where they live or work and reasonable utilization of modern methods for presenting testimony such as video depositions and live video connections." [Appellant's] Brief In Opposition to Petition to Transfer Venue for Forum Non Conveniences [sic] Pursuant to Pa.R.C.P. 1006(d)(1).

Although our Supreme Court has not evaluated the rapidly increasing role of video technology in trials as it relates to *forum non conveniens* analysis, it strikes this [c]ourt that [Appellant's] proposal will also result in oppression to [Appellees]. The likely result of this solution would be a trial where the jury sees a live Plaintiff, sitting mere feet from the jury box, explaining her injuries, while most or all defense witnesses are presented via pre-recorded videos.[5] This is not an acceptable choice to offer [Appellees] in order to try to cure the oppressiveness that they have established will result should venue remain in Philadelphia.

> [5] This [c]ourt is aware that it is routine for parties to present the testimony of medical experts via video. However, this would not be a case with one expert

on each side presenting testimony via video. It would involve most or all of the defense case consisting of presenting hours of video to a jury.

Finally, [Appellant] argues that it would be inconvenient for other witnesses and for defense counsel to attend trial in Centre County. Whether…this is true, the only detailed evidence on the record relating to witnesses at this point is the set of affidavits presented by [Appellees].[6] This argument is speculative at best. [The trial court] would also note that it is not uncommon for large entities like Penn State University to use attorneys all over the Commonwealth and to simply use counsel local to Centre County in the event of a transfer, thus rendering the cost of transporting Philadelphia attorneys to State College unnecessary.

[6] Although [Appellees] certainly have the burden to show that a forum is oppressive, this does not mean that [Appellees] must present [the trial court] with affidavits from every witness who might *not* be inconvenienced by trial in Philadelphia. The record, as it stands now, is sufficient for [Appellees] to meet their burden.

(Trial Court Opinion at 3-6). In effect, the court considered the detailed information of record before it granted Appellees' motion to transfer venue. *See Bratic, supra*. The court found the seven witnesses' affidavits were sufficient to establish the necessary factual basis for transfer. *See id.* Therefore, we see no reason to disturb the court's decision to transfer the case to Centre County. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2014</u>