J-S10037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MELVIN G. KEEFER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CONSOLIDATED RAIL CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY | |
| Appellee | No. 1955 EDA 2014 |

Appeal from the Order Entered June 8, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2013 No. 000168

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 04, 2015**

Appellant, Melvin G. Keefer, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion of Appellees, Consolidated Rail Corporation ("Conrail") and Norfolk Southern Railway Company, to transfer venue in this work-related personal injury action under the Federal Employers' Liability Act and the Locomotive Inspection Act, from Philadelphia County to Cumberland County on the ground of *forum non conveniens*. We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

> On September [4], 2013, [Appellant] filed a complaint against [Conrail] and Norfolk Southern Railway Company

_____

*Retired Senior Judge assigned to the Superior Court.

pursuant to the Federal Employers' Liability Act, (FELA) Title 45 U.S.C. §§ 51-60 and the Locomotive Inspection Act, [49] U.S.C. § 20701 *et seq.* On May 1, 2014, [Appellees] filed a motion to transfer venue to either Cumberland County or Dauphin County on the basis of Forum Non Conveniens pursuant to Pa.R.C.P. 1006(d)(1). On June [8], 2014, that motion was granted and the action was transferred to Cumberland County. On June 18, 2014 [Appellant] filed a timely appeal.

(Trial Court Opinion, filed July 11, 2014, at 1) (internal citations omitted).

The court did not order a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant now raises one issue for our review:

IN A MOTION TO TRANSFER VENUE BASED ON *FORUM NON CONVENIENS* BY APPELLEES WAS THE TRIAL COURT'S ORDER TRANSFERRING THE ABOVE ACTION TO CUMBERLAND COUNTY AN ERROR OF LAW AND A MANIFEST ABUSE OF DISCRETION WHEN APPELLEES PRESENTED NO EVIDENCE OF ANY WITNESSES WHO WILL BE VEXED OR OPPRESSED WITH THE TRIAL IN PHILADELPHIA COUNTY AS OPPOSED TO CUMBERLAND COUNTY?

(Appellant's Brief at 3).

We review an order transferring an action on the basis of *forum non conveniens* for an abuse of discretion. ***Catagnus v. Allstate Ins. Co.***, 864 A.2d 1259, 1263 (Pa.Super. 2004). An abuse of discretion occurs when the court overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill-will. ***Zappala v. Brandolini Property Management, Inc.***, 589 Pa. 516, 536, 909 A.2d 1272, 1284 (2006). If there is any basis for the trial

court's decision, its ruling must stand. *Id.* A plaintiff's choice of forum is given great weight, but it is not absolute or unassailable. *Jackson v. Laidlaw Transit Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 (Pa.Super. 2003).

Appellant argues Appellees failed to specify particular witnesses who will appear at trial and whether trial in Philadelphia County would be vexatious and oppressive to these witnesses. Appellant complains the trial court did not apply the stringent test for transfer where the record lacks evidence of hardship, vexation and oppression for Appellees. Appellant states Congress gave him the right to sue Appellees anywhere they do business. Appellant concludes the trial court erred when it transferred Appellant's case to Cumberland County on the ground of forum non conveniens, and we should reverse the court's transfer order and remand for trial in Philadelphia County. We disagree.

> Our case law once recognized *forum non conveniens* transfers based on considerations affecting the court's interests, such as court congestion (as opposed to the parties' interest in having the case resolved in a forum with less backlog), or imposing jury duty and court costs on the people of a community with no relation to the litigation. *See Scola v. AC & S, Inc.,* 540 Pa. 353, 657 A.2d 1234, 1241 (1995) (citation omitted); *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827, 832 (1989) (citations omitted); *Plum v. Tampax, Inc.*, 399 Pa. 553, 561-62, 160 A.2d 549, 553-54 (1960) (citations omitted). As lower courts applied these principles on a case-by-case basis, "a policy developed of according court congestion great weight at the expense of the plaintiff losing his chosen forum." [*Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 209, 701 A.2d 156, 160 (1997)]; *see*

- 3 -

*generally Incollingo v. McCarron*, 611 A.2d 287, 290–91 (Pa.Super. 1992) (holding defendant's assertions of witness convenience did not warrant transfer, but transfer appropriate based on, *inter alia,* "substantial backlog of civil cases" in Philadelphia courts (citations omitted)).

*Cheeseman* clarified the factors on which a trial court may rely when ruling on a *forum non conveniens* motion, holding a petition to transfer venue should be granted only if the defendant "demonstrat[es], with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman, supra* at 213, 701 A.2d at 162. So called "public interest" factors affecting the court's own concerns are not controlling because Rule 1006(d)(1) speaks only in terms of convenience to the parties and witnesses, not the courts. *Id.* at 212, 701 A.2d at 161–62. By way of example, Justice Cappy noted:

> [T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing…the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing…trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* at 213, 701 A.2d at 162 (footnote and internal citation omitted). Thus, *Cheeseman* was not intended to increase the level of oppressiveness or vexatiousness a defendant must show; rather, understood in its articulated context, *Cheeseman* merely corrected the practice that developed in the lower courts of giving excessive weight to "public interest" factors when ruling on a *forum non conveniens* motion. Whatever public interest factors exist, they are not determinative; they are only a factor insofar as they bear directly on the ultimate test. And while Rule 1006(d)(1) on its face allows transfer based on "the

- 4 -

convenience of the parties[,]" Pa.R.C.P. 1006(d)(1), convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious.

***Bratic v. Rubendall***, ___ Pa. ___, 99 A.3d 1, 6-7 (2014).  This Court

recently explained:

> A moving party must support a petition to transfer venue with detailed information on the record; however, "***Cheeseman*** and Rule 1006(d) do not require any particular form of proof." ***Id.*** at 9.  Rather, the moving party must present "a sufficient factual basis for the petition, and the trial court retains the discretion to determine whether the particular form of proof is sufficient." ***Id.*** (internal citations and brackets omitted). Further, while mere inconvenience remains insufficient, "there is no burden to show near-draconian consequences." ***Id.*** at 10.  ***Bratic*** held the nearly identical affidavits from the potential witnesses in that case were alone sufficient to support transfer from Philadelphia to Dauphin County, based on factors such as distance, burden of travel, time out of office, disruption to business operations, difficulty in obtaining witnesses and access to proof generally. ***Id.*** at 8-9.

***Lee v. Thrower***, 102 A.3d 1018, 1022-23 (Pa.Super. 2014).

Pennsylvania Rule of Civil Procedure 1006(d)(1) governs transfers on the basis of *forum non conveniens* and provides: "for the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."  Pa.R.C.P. 1006(d)(1).  "[A] petition to transfer venue should not be granted, unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is **oppressive or vexatious** to the defendant." ***Cheeseman***

*supra* at 213, 701 A.2d at 162 (emphasis added). A defendant may meet its burden by showing either: (1) the plaintiff's choice of forum was designed to harass the defendant; or (2) "that trial in another county would provide easier access to witnesses or other sources of proof…." *Id.*

Instantly, the trial court reasoned:

> [Appellant], a resident of Dauphin County, was employed by [Appellee] railroads and alleges that he sustained injuries while he was working as an employee of the defendants due to unsafe and inadequate working conditions. [Appellant] further alleges that [Appellees] were engaged in interstate commerce as a common carrier railroad. When [Appellant] was employed by [Appellees] he worked exclusively in Enola, Pennsylvania, which is located in Cumberland County. [Appellant] has never worked for [Appellees] in Philadelphia County, Pennsylvania.
>
> Michael Weirich is a supervisor of [Appellant] and will be used as a witness to testify, "as to Mr. Keefer's job duties, job requirements and safety training," as well as to his personal knowledge of [Appellant's] work habits and attitudes. Weirich resides and works in Cumberland County, 112 miles from the Philadelphia Court of Common Pleas. Weirich testified that it would take him approximately two hours to commute to Philadelphia. Due to this commute, Weirich would be required to miss multiple days of work to testify. Weirich testified that his employer would incur substantial expense and hardship due to his travel expenses and absence from work.
>
> None of the known supervisors that [Appellant] had throughout his railroad career reside in Philadelphia County, Pennsylvania. [Appellant's] co-workers and supervisors who are expected to testify are located in and around Cumberland County. If these employees are required to spend an extended amount of time in Philadelphia, their absences would be unduly burdensome to their employer. Rodney Tatum, Manager of Occupational Claims for Norfolk Southern Corporation,

testified that the disruption to the employee-witnesses' employers would be reduced considerably by conducting the trial in Cumberland County, Pennsylvania. Tatum additionally testified that [Appellant's] known primary medical providers, including those who provided treatment to [Appellant] regarding the instant alleged injuries, are located in and around Cumberland, Pennsylvania.

A personal action against a corporation or similar entity may be brought in the County where the cause of action arose. Therefore, Cumberland County is a proper venue.

* * *

Cumberland County is where the [Appellant] worked for [Appellees] and where the alleged injuries occurred. [Appellant] resides in Dauphin County, adjacent to Cumberland County. In the present case [Appellees] have shown through evidence on the record that trial in Philadelphia County would be unduly burdensome to their witnesses and their witnesses' employers. [Appellees] have also shown through evidence on the record that trial in Cumberland County would substantially reduce the burden placed upon their witnesses and their witnesses' employers. This evidence provides a sufficient factual basis for the petition to transfer the case to Cumberland County on the basis of *Forum Non Conveniens* pursuant to Pa.R.C.P. 1006(d)(1). For the reasons set forth above the judgment should be affirmed.

(Trial Court Opinion at 1-4) (internal citations omitted). We accept the court's analysis. Further, we recognize that the court said "no known supervisors" of Appellant are from the Philadelphia area. The court did not say "no witnesses" are from the Philadelphia area. Moreover, the court accounted for the two-hour, one-hundred-twelve-mile distance between Philadelphia and Cumberland County. Given the totality of the circumstances, as well as the evidence and affidavits of record, Appellees

showed the consequences of trial in Philadelphia would be vexatious and oppressive enough to warrant transfer. We see no reason to disturb the court's decision to transfer this case to Cumberland County. *See Bratic, supra*; *Lee, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2015