J-A08046-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT O. FINCH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN PREMIER UNDERWRITERS, INC., CONSOLIDATED RAIL CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Appellees | No. 1416 EDA 2015 |

Appeal from the Order Dated April 17, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02182 August Term, 2013

BEFORE:  BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 30, 2016**

Appellant, Robert O. Finch, appeals from an order entered on April 17, 2015, granting the motion to transfer venue filed by Appellees, American Premier Underwriters, Inc. (Penn Central), Consolidated Rail Corporation (Conrail), and Norfolk Southern Railway Company (Norfolk Southern) (collectively Appellees or defendants).[1] We vacate and remand for further proceedings.

_____

[1] An order transferring venue is an interlocutory order that is appealable as of right under Pa.R.A.P. 311(c). **See Forrester v. Hanson**, 901 A.2d 548, 552 (Pa. Super. 2006).

*Retired Senior Judge assigned to the Superior Court.

On August 21, 2013, Appellant filed a civil complaint in the Court of Common Pleas of Philadelphia County pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq*. The complaint alleges that Appellant worked for the defendants, or their corporate predecessors, from 1970 through 2005. During the course of his employment, Appellant alleges that he was exposed to various toxic substances that caused bladder cancer.

On March 20, 2015, the defendants moved to transfer venue to the Court of Common Pleas of Blair County based on *forum non conveniens*. **See** Pa.R.C.P. 1006(d)(1). Appellant filed an answer and brief in opposition of the defendants' motion. The trial court entered an order granting the defendants' motion on April 17, 2015 and thereafter denied Appellant's motion for reconsideration on June 3, 2015. Appellant filed a timely notice of appeal on May 7, 2015. The trial court filed an opinion in support of its ruling on July 13, 2015.

On appeal, Appellant raises the following issue for our consideration:

In a motion to transfer venue based on *forum non conveniens*, was the [t]rial [c]ourt's [o]rder transferring [this] action to Blair County an error of law and a manifest abuse of discretion when the [d]efendants, Penn Central, Conrail and Norfolk Southern, did not identify any witnesses who would be vexed or oppressed by testifying in Philadelphia rather than Blair County, attached an affidavit from a prospective witness replete with misstatements to support their position, and where [Appellant], filed an [a]nswer to [d]efendants' [m]otion with affidavits from five co-workers, who will be called to testify by [Appellant], indicating that they would not be vexed or oppressed by testifying in Philadelphia, identifying five [former] executives of the [d]efendants who would be subpoenaed as witnesses and called to testify, four living in the immediate Philadelphia area

and the fifth in Atlanta, Georgia, all obviously finding Philadelphia a more convenient forum than Blair County, a four hour drive away, identifying the misstatements in the affidavit of [one of Appellant's former supervisors] and providing the [trial court] with a letter from [one of appellant's expert witnesses] stating that his appearance in Blair County to testify would cost [Appellant] $1,500.00 more than his appearance and testimony in Philadelphia[?]

Appellant's Brief at 4.

The precise issue before us centers on whether the trial court abused its discretion in transferring this matter to Blair County pursuant to Pa.R.C.P. 1006(d)(1), which provides:

For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1). Our Supreme Court recently set forth several legal principles that guide our analysis of this issue:

Plaintiffs have long been provided with the initial choice of the court in which to bring an action, if that court has jurisdiction.[2] *See Plum v. Tampax, Inc.*, 160 A.2d 549, 552–53 (Pa. 1960) ("While the plaintiff ordinarily controls choice of the forum, a

---

[2] Under FELA, federal jurisdiction runs concurrent with that of state courts and the plaintiff in such a case has the right to file his claims where the defendant resides, where the cause of action arose, or where the defendant does business when the action commences. *See* 45 U.S.C.A. § 56. Rule 2179 of the Pennsylvania Rules of Civil Procedure provides, among other things, that a personal injury action against a corporation may be brought in a county where the entity regularly conducts business. Pa.R.C.P. 2179(a)(2). No one in this case disputes that the defendants regularly conduct business in Philadelphia County; thus, venue was proper, for purposes of Rule 2179, before the trial court.

court does not exercise jurisdiction if it is a seriously inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff.")[, *quoting* Restatement (Second) of Conflict of Laws § 117e (Tentative Draft No. 4, 1957)]. This practice derives from the notion of convenience to the plaintiff, not from the desire to pursue verdicts in counties perceived to be more plaintiff-friendly. While a plaintiff need not provide reasons for selecting one venue over another, the doctrine of *forum non conveniens* "is a necessary counterbalance to insure [sic] fairness and practicality." **Okkerse v. Howe**, 556 A.2d 827, 832 (Pa. 1989) (citation omitted). [Our Supreme] Court has "emphatically stated that the [plaintiff's] choice of forum ... is entitled to weighty consideration[,]" **id.**, *citing* **Walker v. Ohio River Co.**, 205 A.2d 43, 45 (Pa. 1964); "[t]hus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration **on the record** of the claimed hardships[.]" [**Okkerse**, 556 A.2d at 832 (emphasis in original)].

**Bratic v. Rubendall**, 99 A.3d 1, 6-7 (Pa. 2014).

Our Supreme Court's decision in **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156, 162 (Pa. 1997) describes the moving party's burden under Rule 1006(d)(1).

[T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. **See**, [**Gulf Oil v. Gilbert**, 330 U.S. 501 (1947)]. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. [T]he defendant must show more than that the chosen forum is merely inconvenient to him.

**Cheeseman**, 701 A.2d at 162.

- 4 -

To resolve a *forum non conveniens* question, a trial court must examine the totality of circumstances. ***Fessler v. Watchtower Bible and Tract Society of New York, Inc.***, 131 A.3d 44, 49 (Pa. Super. 2015). Factors such as distance, burden of travel, time away from family or work, disruption to business operations, difficulty in obtaining witnesses, and access to proof are relevant to the court's inquiry. ***Lee v. Thrower***, 102 A.3d 1018, 1022-1023 (Pa. Super. 2014). "No single factor is dispositive." ***Fessler***, 131 A.3d at 49. For obvious reasons, the potential for oppressiveness grows as witness travel distances increase. ***Id.***

While a moving party must support a transfer petition with detailed information on the record, neither ***Cheeseman*** nor Rule 1006(d) requires any particular form of proof. ***Bratic***, 99 A.3d at 9; ***Lee***, 102 A.3d at 1022-1023. So long as the moving party presents "a sufficient factual basis for the petition, [] the trial court retains the discretion to determine whether the particular form of proof is sufficient." ***Bratic***, 99 A.3d at 9; ***Lee***, 102 A.3d at 1022-1023.

> When ruling on a petition to transfer venue pursuant to [Pa.R.C.P.] 1006(d)(1), trial courts are vested with "considerable discretion ... to balance the arguments of the parties, consider the level of prior court involvement, and consider whether the forum was designed to harass the defendant." ***Zappala v. Brandolini Property Management, Inc.***, 909 A.2d 1272, 1283 (Pa. 2006)[, *citing* ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156, 162 (Pa. 1997)]. Accordingly, appellate courts review a trial court's ruling on a motion to transfer for an abuse of discretion. [***Zappala***, 909 A.2d at 1284] (citation omitted).

> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence o[f] the record.
>
> *Id*. (internal citations omitted).

*Bratic v. Rubendall*, 99 A.3d 1, 6-7 (Pa. 2014).

In this case, the trial court determined that "trying this case in Philadelphia County poses unnecessary hardship and inconvenience on the [d]efendants." Trial Court Opinion, 7/13/15, at 3 (unpaginated). Specifically, the trial court's opinion noted that Appellant's exposures occurred in Blair County, his former supervisors and co-workers reside in Blair County, and Appellant's medical treatment providers are located in Blair County. *Id*. at 2 (unpaginated).

Appellant objects to the trial court's ruling, arguing that the facts offered in support of the petition to transfer were insufficient to demonstrate that a trial in Philadelphia County would represent an oppressive burden to the defendants. For their part, the defendants argue that the trial court did not abuse its discretion in transferring this matter. The defendants note that Blair County is the location of Appellant's workplace and where he sustained his alleged injuries, the county of residence for Appellant's former supervisors and co-workers, and the location of Appellant's treating physicians and medical records. The defendants argue they will incur

expenses in calling Appellant's former supervisors and treating physicians at the time of trial in Philadelphia. The defendants also argue that they will incur expenses and experience disruptions in their business operations owing to the need to secure testimony from current employees at a trial in Philadelphia. For the following reasons, we conclude that the defendants failed to meet their "heavy burden" of establishing that Appellant's choice of forum is vexatious or oppressive to the defendants and not merely an inconvenience. Specifically, the defendants failed to support their transfer petition with sufficient facts demonstrating that a trial in Philadelphia County placed an oppressive burden on the defendants and the witnesses in this case.

The defendants relied upon the affidavit of Rodney S. Tatum (Tatum) in requesting the transfer of Appellant's claims to Blair County. According to his affidavit, Tatum is currently employed as a claims manager for Norfolk Southern. In that capacity, he is responsible for monitoring legal claims involving both Norfolk Southern and Conrail. Tatum's affidavit states that Appellant resides in Blair County and that he worked for Penn Central from June 1970 to March 1976, for Conrail from April 1976 to May 1999, and thereafter for Norfolk Southern from June 1999 to April 2005. Tatum identified two former supervisors (including Jon Freas) and five former co-workers of Appellant who are anticipated to testify at trial. Tatum's affidavit states that all of these individuals reside in Blair County. Tatum

also stated that the defendants would incur expenses and disruptions in their ongoing business operations if current employees were called to testify at trial in Philadelphia. Tatum did not identify any current employees by name, however. Finally, Tatum listed three medical providers that offered services to Appellant in Blair County, noting that witnesses from these entities would be required to travel extensively in order to provide testimony at a trial in Philadelphia.

The defendants also relied upon the affidavit of Jon Freas (Freas) in requesting a transfer of venue in this case. Freas' affidavit states that he worked as a supervisor at certain Blair County job sites from 1980 through the present. Freas and Appellant worked at a Blair County job site at the same time. According to his deposition testimony, Freas retired shortly after executing his affidavit in this case. Freas also testified that attending trial in Philadelphia for more than a day would be a hardship since he takes care of his elderly father, frequently babysits for his young granddaughter, and owns two dogs.

We are unable to agree with the trial court's conclusion that trial in Philadelphia would be oppressive or vexatious for the defendants. First, the defendants have not identified any **current** employees who will be called to testify at trial in this matter. Thus, the defendants will not incur expenses associated with trial attendance by current employees and the defendants

will not experience disruptions in their ongoing business operations because of a trial in Philadelphia.

Second, for the vast majority of retired, non-medical fact witnesses, there is no information of record showing that these individuals will experience a hardship or oppression in attending trial in Philadelphia. Appellant last worked for the defendants ten years ago and all of his identified former supervisors and co-workers have retired. Five former co-workers of Appellant submitted affidavits in opposition to the defendants' transfer motion and all five affiants, who are now retired, stated that traveling to Philadelphia for trial would not be vexatious, oppressive, burdensome, or inconvenient. Moreover, in responding to the defendants' motion to transfer, Appellant listed five former executives of the defendant corporations whom he intends to subpoena for trial. Four of these individuals reside in the Philadelphia area and the other individual resides in Atlanta, Georgia. The proximity of these witnesses to the Philadelphia area and the accessibility of the area *via* multiple methods of transportation leads us to conclude that a trial in Philadelphia presents no hardship to former employees of the defendants. In its Rule 1925(a) opinion, the court failed to consider the proximity of these fact witnesses to the Philadelphia area. Additionally, the court erred to the extent it deemed these former executives as experts who Appellant intended to call at trial. **See** Trial Court Opinion, 7/13/15, at 2 (asserting that "the inconvenience [of] expert witnesses is not

a controlling factor when deciding transfer of venue"), *citing **Norman v. Norfolk & W.Ry.Co.***, 323 A.2d 850 (Pa. Super. 1974). These former executives are fact witnesses whom Appellant will subpoena at the time of trial and, as such, their travel burden is a relevant factor in the court's *forum non conveniens* analysis. These oversights, and possible mischaracterizations, constitute an abuse of the trial court's discretion.

Tatum's affidavit identified two of Appellant's former supervisors from Blair County whom the defendants anticipate calling at trial. For one of these individuals, Ronald Osmolinski, no information appears in the record to show that attendance at trial in Philadelphia poses a hardship or oppressive burden. Freas, however, testified at a deposition that attending trial in Philadelphia for more than one day would constitute a burdensome hardship, given his personal commitments. We reject the idea that the hardship of a single fact witness is sufficient to demonstrate oppression and overcome the deference given to Appellant's elected forum. Counsel for the defendants can adjust the order in which they call their witnesses at trial in order to accommodate Freas' commitments or they can preserve his testimony for trial through the use of a video recording.

Turning to the burden of securing medical records and testimony from treating physicians, we also fail to see how a trial in Philadelphia imposes an oppressive burden in terms of the transmittal of documentary evidence and the acquisition of trial testimony from Appellant's treatment providers. The

transfer of medical records, many of which are subject to production during discovery, simply does not impose an oppressive burden on the defendants. Likewise, we are not convinced that the acquisition of trial testimony from Appellant's treatment providers qualifies as oppression. Appellant himself will need to call some, if not all, of his own treatment providers at trial as part of his affirmative negligence claims. In addition, we note the common practice in Pennsylvania in which trial counsel preserve the testimony of physicians by video recording. As this is not a case in which it appears that most or all of the defense witnesses will be presented *via* video recording while Appellant's witnesses will appear live before the jury, the cautionary observation that we quoted in **Lee** does not seem to apply. **See Lee**, 102 A.3d at 1024 n.5 (quoting the trial court's observation "that it is routine for parties to present the testimony of medical experts *via* video. However, this would not be a case with one expert on each side presenting testimony *via* video. It would involve most or all of the defense case consisting of presenting hours of video to a jury."). Since the expense and burden of transporting Appellant's medical records and calling Appellant's treating physicians at trial does not appear oppressive in this case, the trial court abused its discretion in ordering the transfer of this matter.[3]

_____

[3] Lastly, to complete our assessment of the totality of the circumstances, our review of the parties' submissions and the record shows that both sides will call expert witnesses from around the United States. In Pennsylvania,
*(Footnote Continued Next Page)*

- 11 -

In sum, the totality of facts simply does not support the trial court's determination that a trial in Philadelphia County represents an oppressive and vexatious burden to the defendants or that Blair County offers easier access to witnesses and other sources of proof. Instead, the facts show only that trial in Philadelphia would represent an inconvenience to the defense. As such, the trial court improperly ordered the transfer of Appellant's claims.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

retained experts are not accorded controlling weight in a *forum non conveniens* analysis. **See Norman**, 323 A.2d at 855-856. Nevertheless, we agree with Appellant that, on balance, Blair County does not offer easier access to witnesses and other sources of information and that trial in Philadelphia County does not pose an oppressive or vexatious burden.