J-A08024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES E. BETTWY JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN PREMIER UNDERWRITERS, INC., AND CONSOLIDATED RAIL CORPORATION | |
| Appellees | No. 1039 EDA 2015 |

Appeal from the Order Dated March 9, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2013

BEFORE: BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 03, 2016**

Appellant, Charles E. Bettwy, Jr., appeals from an order entered on March 9, 2015,[1] granting the motion to transfer venue filed by Appellees, American Premier Underwriters, Inc. (Penn Central) and Consolidated Rail Corporation (Conrail) (collectively Appellees or defendants).[2] We vacate and remand for further proceedings.

---

[1] Although the order granting the motion to transfer venue was dated March 6, 2015, it was not docketed until March 9, 2015. We have amended the caption accordingly.

[2] An order transferring venue is an interlocutory order that is appealable as of right under Pa. R.A.P. 311(c). ***See Forrester vs. Hanson***, 901 A.2d 548, 552 (Pa. Super. 2006)

*Retired Senior Judge assigned to the Superior Court.

On September 6, 2013, Appellant filed a civil complaint in the Court of Common Pleas of Philadelphia County pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq*. The complaint alleges that Appellant worked for Penn Central and Conrail from 1967 through 1998. During the course of his employment, Appellant alleges that he was exposed to various toxic substances that caused bladder cancer. Appellant further alleges that the defendants committed the acts that lead to his exposure to toxic substances at their headquarters in Philadelphia, Pennsylvania.

On February 9, 2015, the defendants moved to transfer venue to the Court of Common Pleas of Blair County based on *forum non conveniens*. **See** Pa.R.C.P. 1006(d)(1). Appellant filed an answer and brief in opposition to the defendants' motion. The trial court granted the defendants' motion on March 9, 2015 and thereafter denied Appellant's motion for reconsideration on April 7, 2017. Appellant filed a timely notice of appeal on March 31, 2015. The trial court issued an opinion in support of its ruling on May 27, 2015.

On appeal, Appellant raises the following issue for our consideration:

In a motion to transfer venue based on *forum non conveniens*, was the [t]rial [c]ourt's [o]rder transferring th[is] action to Blair County an error of law and a manifest abuse of discretion whe[re the motion was untimely under the court's December 11, 2013 Case Management Order and where the totality of circumstances failed to demonstrate that litigating Appellant's claims in Philadelphia County constituted a vexatious and oppressive burden?]

Appellant's Brief at 4.

- 2 -

J-A08024-16

The precise issue before us centers on whether the trial court abused its discretion in transferring this matter to Blair County pursuant to Pa.R.C.P. 1006(d)(1), which provides:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1). Our Supreme Court recently set forth several legal principles that guide our analysis of this issue:

> Plaintiffs have long been provided with the initial choice of the court in which to bring an action, if that court has jurisdiction.[3] *See Plum v. Tampax, Inc.*, 160 A.2d 549, 552–53 (Pa. 1960) ("While the plaintiff ordinarily controls choice of the forum, a court does not exercise jurisdiction if it is a seriously inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff.")[, *quoting* Restatement (Second) of Conflict of Laws § 117e (Tentative Draft No. 4, 1957)]. This practice derives from the notion of convenience to the plaintiff, not from the desire to pursue verdicts in counties perceived to be more plaintiff-friendly. While a plaintiff need not provide reasons for selecting one venue over another, the doctrine of *forum non conveniens* "is a necessary counterbalance to insure [sic] fairness and practicality." *Okkerse v. Howe*, 556 A.2d 827, 832 (Pa. 1989) (citation

---

[3] Under FELA, federal jurisdiction runs concurrent with that of state courts and the plaintiff in such a case has the right to file his claims where the defendant resides, where the cause of action arose, or where the defendant does business when the action commences. *See* 45 U.S.C.A. § 56. Rule 2179 of the Pennsylvania Rules of Civil Procedure provides, among other things, that a personal injury action against a corporation may be brought in a county where the entity regularly conducts business. Pa.R.C.P. 2179(a)(2). No one in this case disputes that the defendants regularly conduct business in Philadelphia County; thus, venue was proper, for purposes of Rule 2179, before the trial court.

- 3 -

omitted). [Our Supreme] Court has "emphatically stated that the [plaintiff's] choice of forum … is entitled to weighty consideration[,]" *id.*, *citing* **Walker v. Ohio River Co.**, 205 A.2d 43, 45 (Pa. 1964); "[t]hus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration **on the record** of the claimed hardships[.]" [**Okkerse**, 556 A.2d at 832 (emphasis in original)].

**Bratic v. Rubendall**, 99 A.3d 1, 6-7 (Pa. 2014).

Our Supreme Court's decision in **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156, 162 (Pa. 1997) describes the moving party's burden under Rule 1006(d)(1).

[T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. **See**, [**Gulf Oil v. Gilbert**, 330 U.S. 501 (1947)]. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. [T]he defendant must show more than that the chosen forum is merely inconvenient to him.

**Cheeseman**, 701 A.2d at 162.

To resolve a *forum non conveniens* question, a trial court must examine the totality of circumstances. **Fessler v. Watchtower Bible and Tract Society of New York, Inc.**, 131 A.3d 44, 49 (Pa. Super. 2015). Factors such as distance, burden of travel, time away from family or work, disruption to business operations, difficulty in obtaining witnesses, and access to proof are relevant to the court's inquiry. **Lee v. Thrower**, 102

A.3d 1018, 1022-1023 (Pa. Super. 2014). "No single factor is dispositive." *Fessler*, 131 A.3d at 49. For obvious reasons, the potential for oppressiveness grows as witness travel distances increase. *Id*.

While a moving party must support a transfer petition with detailed information on the record, neither *Cheeseman* nor Rule 1006(d) requires any particular form of proof. *Bratic*, 99 A.3d at 9; *Lee*, 102 A.3d at 1022-1023. So long as the moving party presents "a sufficient factual basis for the petition, [] the trial court retains the discretion to determine whether the particular form of proof is sufficient." *Bratic*, 99 A.3d at 9; *Lee*, 102 A.3d at 1022-1023.

> When ruling on a petition to transfer venue pursuant to [Pa.R.C.P.] 1006(d)(1), trial courts are vested with "considerable discretion ... to balance the arguments of the parties, consider the level of prior court involvement, and consider whether the forum was designed to harass the defendant." *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1283 (Pa. 2006)[, *citing* *Cheeseman v. Lethal Exterminator, Inc.*, 701 A.2d 156, 162 (Pa. 1997)]. Accordingly, appellate courts review a trial court's ruling on a motion to transfer for an abuse of discretion. [*Zappala*, 909 A.2d at 1284] (citation omitted).
>
> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence o[f] the record.
>
> *Id*. (internal citations omitted).

*Bratic v. Rubendall*, 99 A.3d 1, 6-7 (Pa. 2014).

In this case, the trial court determined that the defendants met their burden under rule 1006(d)(1) "by establishing on the record[] that trial in Blair County would provide easier access to witnesses and other sources of proof and [that a trial in Philadelphia County would be] burdensome to witnesses." Trial Court Opinion, 5/27/15, at 3 (unpaginated). Specifically, the trial court's opinion noted that Appellant's exposures occurred in Blair County, his former supervisors and co-workers reside in Blair County, and medical treatment providers are located in Blair County and Western Pennsylvania. *Id.* at 2, 4 (unpaginated).

Appellant objects to the trial court's ruling, alleging that the facts offered in support of the petition to transfer were insufficient since the defendants offered no affidavits from witnesses who said that a trial in Philadelphia County would represent an oppressive burden.[4] For their part, the defendants argue the trial court did not abuse its discretion since: (1) Appellant resides in Blair County; (2) Appellant worked in Blair County; (3) Appellant's claims of injury arose in Blair county; (4) Appellant received medical treatment in Blair County and Western Pennsylvania; and, (5) Appellant's former supervisors and co-workers reside in Blair County. We

---

[4] Appellant also refers to the fact that the defendants' transfer motion was filed outside the period for pretrial motions as provided in the case management order entered on December 11, 2013. This claim is largely undeveloped and, in view of our disposition of Appellant's substantive challenge, we shall address this claim no further.

conclude, for the following reasons, that the defendants failed to meet their "heavy burden" of establishing that Appellant's choice of forum is vexatious or oppressive to defendants and not merely an inconvenience. Specifically, the defendants failed to support their transfer petition with sufficient facts. Accordingly, the trial court abused its discretion in concluding that trial in Blair County would provide easier access to witnesses and other sources of proof and that a trial in Philadelphia County would unduly burden the witnesses in this case.

The defendants relied upon the affidavit of Rodney S. Tatum (Tatum) in requesting the transfer of Appellant's claims to Blair County. According to his affidavit, Tatum is currently employed as a claims manager for Norfolk Southern Railway Company (Norfolk Southern). In that capacity, he is responsible for monitoring legal claims involving Conrail. Tatum's affidavit states that Appellant resides in Blair County and that he worked for Penn Central from October 1967 to March 1976 and thereafter for Conrail from April 1976 through January 1998. Upon information and belief, Tatum states that Appellant worked exclusively at locations in Blair County and that he never worked for the defendants in Philadelphia County.[5] Tatum offered the following information regarding the location of witnesses and materials

_____

[5] According to his responses to the defendants' requests for admissions, Appellant worked for the Pennsylvania Railroad in Philadelphia as a member of the track crew for six months in 1967.

- 7 -

likely to be introduced in this case and the burdens associated with their use in a trial in Philadelphia:

4. Upon information and belief, none of the known supervisors that [Appellant] had throughout his railroad career are located in Philadelphia County, Pennsylvania. [Appellant's] co-workers and/or supervisors that are expected to testify are located in and around Blair County, Pennsylvania.

5. Specifically, Jon Freas and Ronald Osmolinski are former supervisors from the Hollidaysburg Car Shop and Juniata Locomotive Shop who may be called as witnesses of behalf of the [d]efendants in this matter. Both Mr. Freas and Mr. Osmolinski reside in Blair County, Pennsylvania.

6. Additionally, based upon similar cases brought against the [d]efendant by [Appellant's] counsel that also allege toxic exposures at the Hollidaysburg and Juniata shops, [d]efendant anticipates that [Appellant] may call the following witnesses, all former employees of the [d]efendants, in support of his case: Larry Lytle, Dennis Waite, Walter Zolna, Wilber Boggs, and Terry Rhoads. These witnesses have been deposed in other pending cases and all of them reside in or around Blair County.

7. Additionally, upon information and belief, [Appellant's] known primary medical providers, including those persons who provided treatment to [Appellant] regarding the instant alleged injury, are located in and around Blair County. Upon information and belief, none of [Appellant's] known primary medical providers are located in or near Philadelphia County. They would be required to travel extensively in order to be present to provide trial testimony. To date, [Appellant] has treated with the following providers:

   * Dr. Azad Niyaz – 503 Main Street, Belwood, PA (Blair County)[;]

   * Altoona Regional Health System – Altoona, PA (Blair County)[;]

   * Veterans Affairs Medical Center – Altoona, PA (Blair County)[;]

> \* UPMC Shadyside Cancer Center – Pittsburgh, PA (Allegheny County)[.]
>
> 8. It is anticipated that trial in this matter would last approximately two (2) weeks. [The defendants] will incur expenses with respect to [their] intention to call former supervisors and treating physician witnesses at the time of trial in Philadelphia, Pennsylvania. These expenses would be reduced considerably if trial were conducted in Blair County, Pennsylvania where those witnesses are located.

Affidavit of Rodney S. Tatum, 2/3/15.

We are unable to agree with the trial court's conclusion that Tatum's affidavit included sufficient information to establish that trial in Philadelphia would be oppressive or vexatious for the defendants. On its face, Tatum's affidavit showed only that anticipated supervisor, co-worker, and medical provider witnesses would have to travel the distance from Blair County to Philadelphia County to attend and testify at trial in this matter. Tatum's affidavit does not state, however, that traveling from Blair County to Philadelphia County poses an undue burden or significant disruption in the daily activities of the anticipated witnesses. Our case law makes clear that while the burden of travel is relevant to a Rule 1006(d)(1) inquiry, distance alone is not enough to establish an oppressive burden. *Bratic*, 99 A.3d at 9; *Fessler*, 131 A.3d at 49. As submitted, Tatum's affidavit is devoid of facts regarding the witnesses' personal, professional, employment and family obligations, and other circumstances needed to undertake a meaningful assessment of the burden associated with attending trial in Philadelphia and to reach, with confidence, the conclusion that trial in the

plaintiff's selected venue is oppressive. In the absence of such information, the defendants failed to discharge their burden of establishing the need for a transfer by detailed information in their motion. Hence, the trial court's entry of a transfer order in this case constituted an abuse of discretion. ***See Catagnus v. Allstate Insurance Company***, 864 A.2d 1259, 1264 (Pa. Super. 2004) (trial court's failure to hold defendant to proper burden on transfer request constitutes abuse of discretion).

We are also troubled by the trial court's willingness to infer oppression from travel distance alone under the particular circumstances of this case. Tatum's affidavit stated that Appellant retired in 1998, nearly 20 years ago. Moreover, the record makes plain that most, if not all, of the witnesses who possess personal knowledge of Appellant's work duties (specifically, Appellant's former supervisors and co-workers) are nearing or have already achieved retirement status. Retired individuals are less likely to have the daily personal, professional, employment, and family commitments that make attendance at trial away from home an undue burden for actively employed individuals.[6] Indeed, the facts here support this inference.

_____

[6] We acknowledge, of course, that retirees can confront obstacles that make travel and attendance at an out-of-town trial an oppressive burden. Medical issues, obligations associated with second careers, late-in-life parental duties and other responsibilities may render distant travel an undue burden for retired individuals. Our point here, however, is that the defendants offered no detailed facts establishing such factors in the present case.

Appellant introduced five co-worker affidavits in opposition to the defendants' transfer motion. All five affiants stated that traveling to Philadelphia for trial would not be vexatious, oppressive, burdensome, or inconvenient and three of these individuals stated that they were retired.[7] Appellant also points out in his brief to this Court that both former supervisors identified in Tatum's affidavit are presently retired. Taken together, the totality of facts simply do not support the trial court's determination that Blair County provides easier access to witnesses and other sources of proof and that a trial in Philadelphia County represents an oppressive burden to the witnesses.

We contrast the facts here with those presented in **Bratic** and **Lee**, two recent decisions in which Pennsylvania appellate courts affirmed orders transferring civil actions out of Philadelphia pursuant to Rule 1006(d). In **Bratic**, our Supreme Court noted that seven witnesses submitted affidavits in support of the transfer petition under review. **Bratic**, 99 A.3d at 4. There, each affiant averred that a trial in Philadelphia "would be both disruptive and a personal and financial hardship if [the witnesses] should be called to testify at deposition or trial" because they "would have to incur substantial costs for fuel, tolls and, if traveling overnight, for lodging and

_____

[7] One of the retirees, Larry Lytle, was identified as an anticipated co-worker witness in Tatum's affidavit.

meals[, and for] every day of deposition or trial in Philadelphia, [they] would be forced to take at least one full day away from [work]." *Id*. Similarly, in *Lee*, this Court noted that several of the witnesses in that case had "family and childcare commitments that would make a multi-day trial in Philadelphia oppressive to them" and that "some potential witnesses ha[d] job responsibilities that would be impossible to perform if they were required to spend several days and nights away from Centre County." *Lee*, 102 A.3d at 4. The record before us does not establish the disruption to the witnesses' personal and professional commitments that the moving parties demonstrated in *Bratic* and *Lee*.

To the extent that Tatum's affidavit points out the expense of calling former supervisors and treating physicians at the time of trial, we do not share the trial court's assessment that this concern warrants a transfer of Appellant's claims. Tatum's affidavit identified only two former supervisors from Blair County whom the defendants anticipate calling at trial. Appellant, however, listed five former co-workers from Blair County as potential witnesses. These retired co-workers averred that appearing at trial in Philadelphia did not present a burden to them. Thus, the expense of transporting non-medical fact witnesses to trial in Philadelphia appears to be a burden that each side will share. We also fail to see how a trial in Philadelphia imposes an undue burden in terms of the transmittal of medical records and the acquisition of trial testimony from treatment providers. The

transfer of medical records, many of which are subject to production during discovery, simply does not impose an oppressive burden on the defendants. Likewise, we are not convinced that the acquisition of trial testimony from Appellant's treatment providers poses an oppressive hardship. Appellant himself will need to call some, if not all, of these witnesses at trial as part of his affirmative negligence claims. In addition, we note the common practice in Pennsylvania in which trial counsel preserve the testimony of physicians by video recording. As this is not a case in which it appears that most or all of the defense witnesses will be presented *via* video recording while Appellant's witnesses will appear live before the jury, the cautionary observation that we quoted in **Lee** does not seem to apply. **See Lee**, 102 A.3d at 1024 n.5 (quoting the trial court's observation "that it is routine for parties to present the testimony of medical experts *via* video. However, this would not be a case with one expert on each side presenting testimony *via* video. It would involve most or all of the defense case consisting of presenting hours of video to a jury."). Since the expense and burden of calling Appellant's former supervisors and treating physicians at the time of trial does not appear oppressive in this case, the trial court abused its discretion in ordering the transfer of this matter.

Lastly, to complete our assessment of the totality of the circumstances, our review of the parties' submissions and the record shows that Appellant intends to subpoena for appearance at trial five former

executives who worked for the defendants. Appellant asserts that a trial in Philadelphia offers easier access to these witnesses, as four of these individuals reside in the Philadelphia area and the other individual resides in Atlanta, Georgia. The trial court did not consider the proximity of the Philadelphia area and its accessibility with regard to these witnesses, concluding instead that transfer was appropriate because Appellant's exposures occurred in Blair County and because Appellant's former supervisors, co-workers and treating physicians were located in and around Blair County. *See* Trial Court Opinion, 5/27/15, at 5 (unpaginated). The court's failure to consider the location, proximity, and accessibility of Philadelphia County with regard to the former executive witnesses constitutes an abuse of discretion.

In addition, both sides will call expert witnesses from around the United States. Again, Appellant maintains that Philadelphia, which offers access *via* multiple methods of transportation, can more easily accommodate the travel burdens confronted by these witnesses. Taking all of these factors into consideration, and bearing in mind that retained experts are not accorded controlling weight under Pennsylvania law, *Norman v. Norfolk & W. Ry. Co.*, 323 A.2d 850, 855-856 (Pa. Super. 1974), we agree with Appellant that, on balance, Blair County does not offer easier access to witnesses and other sources of information.

In sum, the defendants failed to include detailed information in their motion to transfer that established that a trial in Philadelphia County would be oppressive or vexatious. Instead, the facts showed only that trial in Philadelphia would present a mere inconvenience to some witnesses. As such, the trial court improperly ordered the transfer of Appellant's claims.

Order vacated. Case remanded for further proceedings. Penn Central's application for admission of counsel *pro hac vice* granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2016